McGregor v. Hubbs *et al.*

No. 14,518.

## McGregor v. Hubbs et al.

PLEADING.—*Complaint.*—*Questioning of by Assignment of Error.*—An assignment of error that the complaint does not state facts sufficient to constitute a cause of action, is not available for the reversal of the judgment, unless some fact essential to the existence of the cause has been wholly omitted from the complaint.

SAME.—*Complaint Before Justice of Peace.*—*Sufficiency of as Against Assignment of Error.*—A complaint before a justice of the peace for goods sold and delivered to the defendants, described in the title as "late partners," etc., and in the bill of particulars charged jointly with the goods, is sufficient as against an assignment of error that it is not alleged in the body of the complaint that the defendants were partners when the goods were sold.

From the Perry Circuit Court.

*W. A. Land,* for appellant.

*W. Henning,* for appellees.

COFFEY, J.—This action originated before a justice of the peace. The complaint filed with the justice was entitled as follows:

"Amaziah P. Hubbs,
Charles Hubbs,
   vs.                                    Before Wm. Heck, J. P.
Nicholas Burst, John A. Mc-              in and for Troy town-
Gregor, late partners, under            ship, Perry county.
the name of McGregor &
Burst."

This title is followed by a complaint in the usual form of a common count for goods sold and delivered, with which is filed the following bill of particulars:

"John A. McGregor & Nicholas Burst,        -    -    Dr:
   To A. P. Hubbs & Charles Hubbs, from Nov.
   10, 1884, to March 7, 1885, for hay and corn,
   the sum of    -    -    -    -    -    $84 54."

The sufficiency of the complaint is called in question for the first time in this court by an assignment of error.

It is settled law in this State that an assignment of error that the complaint does not state facts sufficient to constitute a cause of action, is not available for the reversal of the judgment, unless some fact essential to the existence of the cause has been wholly omitted from the complaint. *Laverty* v. *State, ex rel.,* 109 Ind. 217.

The objection urged against this complaint is that there is no allegation found in the body of the complaint to the effect that the appellant McGregor and Nicholas Burst were partners at the date of the sale and delivery of the goods, for the value of which this suit is prosecuted.

This objection can not prevail. Had there been no other complaint filed than the bill of particulars above set out, it would have been sufficient before a justice of the peace.

The only remaining question presented for our consideration relates to the sufficiency of the evidence to support the finding and judgment of the circuit court.

The evidence on behalf of the appellees tends to prove that the appellant and Nicholas Burst were partners in the business of handling staves in Perry county, and that in such business they owned and used some teams; that appellees sold them the feed, charged in the complaint, to be used in feeding such teams. The evidence on the part of the appellant tended to show that the firm of McGregor & Burst was dissolved before the sale and delivery of the goods in controversy, but upon this question the evidence is conflicting.

We can not undertake to weigh the evidence heard by the circuit court with a view of disturbing its finding.

There was evidence tending to support the conclusion reached by the circuit court.

There is no error in the record.

Judgment affirmed.

Filed Oct. 18, 1890.