Filed April 6, 1893.

---

◆

---

## No. 15,441.

## THE PENNSYLVANIA COMPANY v. CONGDON, BY NEXT FRIEND.

PLEADING.—*Complaint.—Sufficiency on Appeal.—Not Questioned in Trial Court.—Supreme Court Practice.*—Where the sufficiency of a complaint is not questioned in the trial court, the complaint will stand on appeal, unless there is some fault in it which affects, in a very material degree, the cause of action, as the omission of a fact essential to the existence of the cause of action.

RAILROAD.—*Action by Employee for Damages.—Sufficiency of Complaint. —Defective Lantern. — Brakeman. —* In an action by a brakeman against his employer, a railroad company, for damages sustained by reason of a defective lantern furnished him by the said company for use in the discharge of his duties, and which was necessary in the discharge of such duties, and which was in the custody and keeping of such employee, the complaint is insufficient which shows, notwithstanding the averment to the contrary, that the plaintiff knew, or ought to have known, of the defect, or which fails to show that the defendant knew, or ought to have known by the exercise of proper diligence, of the defect.

SAME.—*Employee of Tender Years.—Brakeman.—Defective Lantern.—* A brakeman, eighteen years of age, who had been engaged in such employment three months previous to receiving injuries by reason of a defective lantern in his custody and keeping, can not be said to be of such tender years as to be void of the discretion necessary to a proper understanding and appreciation of the dangers attendant upon such defect.

NEGLIGENCE.—*Proximate Cause.—Meaning of.—*The proximate cause of an injury is not necessarily the immediate cause, but, to authorize

The Pennsylvania Company *v.* Congdon, by Next Friend.

a recovery, must be the efficient cause which set in motion the chain of circumstances leading up to the injury.

From the Allen Circuit Court.

*J. Brackenridge, J. Morris* and *A. Zollars,* for appellant.

*L. M. Ninde* and *H. W. Ninde,* for appellee.

HOWARD, J.—This was an action for damages, brought by appellee against appellant, resulting in a verdict and judgment for appellee.

The complaint is assailed for the first time in this court. The pertinent averments are the following:

"In June, 1888, when this plaintiff was an infant, eighteen years of age, said defendant employed him as an extra brakeman upon its train of freight cars running upon said road, and, on September 16th, 1888, plaintiff was still continuing in said service for said defendant, and plaintiff was young and inexperienced in said business, and unable to appreciate and understand all the dangers and hazards of said business in which he was so engaged, which was well known to said defendant on said 16th of September, 1888; that, on said 16th of September, 1888, said defendant required plaintiff to go upon a train of freight cars on its said line of railroad from Fort Wayne to Chicago, and required plaintiff, upon said trip, * * to act as front brakeman on said train; that plaintiff, as requested and directed by defendant, did go upon said freight train, * * and, while the same was running from Fort Wayne to Wanatah, * * did act as front brakeman; that when said train arrived at Wanatah, and long before it arrived there, and long after it departed therefrom, it was nighttime, and dark, and plaintiff was unable to perform his duties without the aid of a lantern to light his way, and plaintiff was for some time before the receipt of the injury, as hereinafter

set forth, using a lantern provided for his use by said defendant, in lighting his way in discharging his said duties; that his duty as such brakeman required him to use said lantern in making signals to other trainmen upon said train; that said train was equipped with air brakes, by the use of which the engineer of said train could stop the same suddenly, and would so stop the same upon proper signal, being given; that the lantern so furnished by defendant for plaintiff's use, and which he was then using, was defective, and not properly guarded from the wind, and would go out when properly used in making proper signals, which was unknown to plaintiff; that shortly after said train started west from Wanatah, and while plaintiff was upon said train, and on the top of a car thereof, in the proper discharge of his duty, he waved a signal with his said lantern, and the light in the same, by reason of its defective condition, went out, and plaintiff not being able to light the same where he was, and being ignorant of the proper thing to do under the circumstances, and having received no instructions from said defendant as to the course he should pursue under such circumstances, and being unable to discharge his duties without such light, started to go to the engine of said train to relight said lantern; that as he reached the front end of said car, next to said engine, the engineer thereof, without warning or signal, put on the air brakes upon said train and engine, suddenly slowing said train, whereby plaintiff was thrown forward and between said car and the tender of said engine, and down upon the track of said railroad, and the wheels of said train passed over said plaintiff's arm, and crushed, bruised, and maimed the same, so that his said arm was necessarily amputated at the shoulder joint, and he suffered great mental and physical anguish and pain, and was permanently injured, and was compelled to expend large sums of money in

medical attendance, nursing, and medicine, and was damaged in the sum of fifteen thousand dollars; that said injury was received, and said damages sustained, without any negligence whatsoever on the part of plaintiff; that defendant well knowing the plaintiff's youth and inexperience, and inability to comprehend the dangers of his said employment, or to know what course to pursue under the circumstances which resulted in said accident, so negligently put plaintiff in said position, place, and business, without any instructions given him as to what he should do under such circumstances, and without any caution or warning as to the dangers attendant upon such service or the use of such air brakes, and so negligently gave him such defective locomotive [lantern ?] for use as aforesaid, by reason of which negligence said injuries were received and said damages sustained. Wherefore," etc.

This complaint was not challenged in the circuit court, so that all minor defects, if any, must be held to be cured by the verdict.

The complaint will stand, unless there is some fault in it which affects in a very material degree the cause of action. Elliott's App. Proced., section 473, and cases cited in notes; Buskirk's Practice, and cases cited.

In *McGregor* v. *Hubbs*, 125 Ind. 487, it is said that "An assignment of error, that the complaint does not state facts sufficient to constitute a cause of action, is not available for the reversal of the judgment, unless some fact essential to the existence of the cause has been wholly omitted from the complaint."

To enable an employee to recover damages from his employer, on account of injuries received by reason of defective places, machinery, or appliances, or incompetent co-employees, furnished by the employer for the use or assistance of the employe, it is necessary, in general,

to allege and prove that the employer was in fault, and that the employee was without fault; or, at least, to allege and prove facts from which such fault and want of fault may be inferred.

In this case it is, therefore, essential that the averments of the complaint should show that any defects alleged to exist in the management of appellant's train, or in the character or quality of the appliances used in connection with the running of the train, from which the accident resulted, were due to the negligence or carelessness of appellant, and that appellee was himself free from such negligence or carelessness.

It may be necessary to say something of the real cause of the accident as disclosed in the complaint, and to distinguish the cause of the accident from the incident, or occasion, connected with it.   Webster defines an occasion, as distinguished from a cause, to be "That which incidentally brings to pass an event, without being its efficient cause, or sufficient reason."

While the cause to be considered must be the proximate, and not the remote, cause, yet "the question is not what cause was nearest in time or place to the catastrophe."

In *Ins. Co.* v. *Boon,* 5 Otto, 117, the proximate cause is defined to be "The efficient cause, the one that necessarily sets the other causes in operation.  The causes that are merely incidental, or instruments of a superior or controlling agency, are not the proximate causes, and the responsible ones, though they may be nearer in time to the result."   And, the court continues:  "If two causes conspire, and one must be chosen, the more scientific inquiry seems to be, whether one is not the efficient cause, and the other merely instrumental or merely incidental, and not which is nearer in place or time to the consummation of the catastrophe.  *  *  In *Gordon* v. *Rimmington,*

1 Camp. 123 (cited in Phillips Ins., section 1097), it was held that when the captain of a ship insured against fire burned her to prevent her falling into the hands of the enemy, it was a loss by fire within the meaning of the policy. It was because the fire was caused by the public enemy. The act of the captain was the nearest cause in time, but the danger of capture by the public enemy was regarded as the dominating cause. * * In *Lund* v. *Tyngsboro*, 11 Cush. (Mass.) 563, where it appeared that a traveler had been injured by leaping from his carriage, exercising ordinary care and prudence, in consequence of a near approach to a defect in a highway, the town was held liable, though the carriage did not come to the defect. The defect was regarded as the actual, the dominating cause. * * In *Insurance Co.* v. *Tweed*, 7 Wall. 44, it was, in effect, ruled that the efficient cause, the one that set others in motion, is the cause to which the loss is to be attributed, though the other causes may follow it and operate more immediately in producing the disaster."

So it has been frequently held that a railroad company is liable for injury to land by fire, caused by its negligence, although the fire did not come directly from the railroad, but from land belonging to another owner and lying intermediate between the railroad and the plaintiff's land; the negligence of the company in such case being considered not the remote but the proximate cause of the injury. *Delaware, etc., R. R. Co.* v. *Salmon*, 10 Vroom, 299, 23 Am. Rep. 214; *Clemens* v. *Hannibal, etc., R. R. Co.*, 53 Mo. 366, 14 Am. Rep. 460; *Atchison, etc., R. R. Co.* v. *Stanford*, 12 Kan. 354, 15 Am. Rep. 362; *Poeppers* v. *Missouri, etc., R. W. Co.*, 67 Mo. 715, 29 Am. Rep. 518.

In the carefully considered case of *Billman* v. *Indianapolis, etc., R. R. Co.*, 76 Ind. 166, 40 Am. Rep. 230,

where a team of horses was frightened by a railroad engine and ran against another horse and killed it, it was contended that the killing of the horse, being done by the runaway team, the negligence of the railroad company was too remote a cause; but the court held that the injury was not so remote from the original wrong as to defeat the right to recover for the damages flowing from the injury, and that the wrong done by the railroad company "set in motion the cause which produced the injury." See *Lee* v. *Union R. R. Co.*, 12 R. I. 383, 34 Am. Rep. 668. Also note in case of *Brown* v. *Chicago, etc., R. W. Co.* (Wis.), 41 Am. Rep. 41.

In the case now before the court, while the sudden stopping of the train by the air brakes was undoubtedly the immediate occasion of the accident, yet the real cause reached back to the going out of the lantern. The chain of circumstances, from the failure of the light in the lantern to the fall of appellee upon the track and under the wheels, was complete and single; all the particulars resulting immediately from the defective lantern.

The real cause, in order to be within the issues tendered in the complaint, must be one involving fault on the part of the appellant or appellee, or of both; for the cause of the accident, to have connection with the litigation, must have relation to the negligence of the parties. If there is no negligence, there is no cause of action. But it can not be said that the sudden stopping of the train by the air brakes was such cause. Air brakes are a proper and useful attachment to a train of cars; and one of the proper uses of such air brakes is to stop the cars suddenly, as was done in this instance. And it is not charged that the putting on of the air brakes was done without necessity, or that the action of the engineer in putting them on was in any respect negligent or showed any want of due care.

The Pennsylvania Company *v.* Congdon, by Next Friend.

On the other hand, it will hardly be claimed that appellee's duty, when his lantern went out, was to remain where he was in the dark. His duty required him to relight his lantern with as little delay as possible. He was front brakeman; a light was necessary for the discharge of his duties; and it is apparent that the readiest means of relighting his lantern was to go to the engine, next to which his car was. This act not only does not seem to have been negligent, but seems to have been the proper and necessary thing for him to do.

The cause of the accident, therefore, so far as fault or negligence on the part of either appellant or appellee is concerned, must be that which preceded and directly brought on and set in motion the intermediate series of incidents which ended in appellee's being thrown under the wheels of the cars.

The complaint alleges that the lantern furnished by appellant for appellee's use was defective and not properly guarded from the wind, and would go out when properly used in making proper signals; and it is averred that this defect was unknown to appellee. But it is not alleged that such defect was known to appellant. On the contrary, the fact that appellee had the sole use and care of the lantern, and this "for some time before the receipt of the injury," as stated in the complaint, presumably during the whole three months of his service as brakeman, would seem to indicate that if any one could know its defective condition it must be the appellee himself. The general statement in the complaint, that the defect in the lantern was unknown to appellee, would not be enough if it should appear from other allegations that he did, in fact, or ought to, have knowledge of such defect. And if there were no allegations from which it might be inferred that either appellant or appellee knew,

or could know, of the defect, then the defect would be one of those for which neither would be chargeable.

For, in case the defect was latent, and unknown either to the employer or the employe, and could not be discovered by either, then neither could be held to be in fault.

In *Mad River, etc., R. R. Co.* v. *Barber*, 5 Ohio St. 541, 67 Am. Dec. 312, it was held that a railroad company is not liable to a conductor for injury caused by defects in machinery or running apparatus of a train which is in his charge and under his control, where defects were unknown to both parties, and neither party was in fault. And while the company was required, and was presumed, to use all reasonable and ordinary care in the management of its business, and in supplying safe cars and appliances and competent co-employees, yet the conductor, in taking charge of the train, assumed the risks and hazards of the business.

In *Nashville, etc., R. R. Co.* v. *Elliott*, 1 Cold. (41 Tenn.) 611, 78 Am. Dec. 506, it was held, that an employe who voluntarily engages to serve a railroad company is presumed to know that there are extraordinary dangers inseparable from such service, which human care and foresight can not guard against; and that he therefore undertakes to run all the ordinary risks of his employment.

Wharton lays it down as a rule that "an employee who, after having the opportunity of becoming acquainted with the risks of his situation, accepts them, can not recover for injuries thereby received." The risks which he thus assumes are the ordinary and natural risks incident to his employment, or which, from the facts before him, it was his duty to infer. And the fact that he had obtained knowledge of such risks may be deduced from the circumstances of the case. Whart. Neg., section 214. See,

also, *Indiana, etc., R. W. Co.* v. *Snyder* (Ind.) 32 N. E. Rep. 1129, and *Evansville, etc., R . R. Co.* v. *Duel,* 134 Ind. 156; both decided at this term, and in which numerous authorities are cited.

In this case appellee, as appears from his complaint, had sole care and custody of the defective lantern, and it does not appear that at any time he reported any defect in it to the company; indeed, the complaint states that appellee himself did not know of such defect, yet he had been engaged as brakeman for about three months; and the complaint states that "plaintiff was for some time before the receipt of the injury * * using a lantern provided for his use by said defendant; * *  that the lantern so furnished by defendant for plaintiff's use, and which he was then using, was defective and not properly guarded from the wind, and would go out when properly used in making proper signals, which was unknown to plaintiff."

It is not said that appellant knew, or was informed, of this defect; nor are any facts stated going to show that appellant had any means of learning of the defect. The lantern was given to appellee for his own use, and, for all that appears in the complaint, it was at all times in his care, and appellant knew, and could know, nothing of its condition. How appellee could be ignorant of the condition of his lantern, or how appellant could have knowledge of it, except through appellee, in whose care it was, does not appear from the complaint.

Of course the appellant was required to use proper care in furnishing safe appliances, including a suitable lantern, but that did not relieve appellee from the exercise of due care.

The appellant company could only inspect and test the condition of the lantern by the agency of some employee. The brakeman, appellee, was such an employee, and ap-

parently the only one at the time having charge of the lantern, as he had had for some time previous, and his failure to discover any defect and report it to appellant can not be ascribed as negligence in the company, so far as he is himself concerned. *Ballou* v. *Chicago, etc., R. W. Co.,* 54 Wis. 257, 41 Am. Rep. 31, and note.

In *Illinois Cent. R. R. Co.* v. *Jewell,* 46 Ill. 99, 92 Am. Dec. 240, where a brakeman was thrown from a railroad car and killed, by reason of the brakehead coming off the upright shaft, because of the nut at the top having become loose and coming off, it was held that the company was not liable, as it was the brakeman's duty to see that the brake, of which he had charge himself, was in good repair and fit condition for use, and to report its defects, if any, to the company.

In *Ballou* v. *Chicago, etc., R. W. Co., supra,* the following rule is quoted with approval, as one the fairness of which can not well be questioned: "An employee can not recover for an injury suffered in the course of his employment from a defect in the machinery used by his employer, unless the employer knew, or ought to have known, of the defect, and the employee did not know of it or had not equal means of knowledge." See, also, *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151 (163); *Indiana, etc., R. W. Co.* v. *Dailey,* 110 Ind. 75(81); *Lake Shore, etc., R. W. Co.* v. *Stupak,* 108 Ind. 1.

The complaint neither alleges knowledge on the part of appellant of any defect in the lantern, nor does it allege facts from which such knowledge on the part of appellant may be inferred. On the other hand, while it is alleged that appellee had no knowledge of the defect in the lantern, facts are stated which would seem to indicate that appellee ought to have known of the defect, if any existed.

Much is said in the complaint of the infancy and in-

experience of appellee, and of appellant's knowledge of such infancy and inexperience.

Appellee was eighteen years of age; he seems to have been a competent brakeman; he was retained in his employment from June 18th to September 16th, the date of the accident. The skill and experience required in trimming and caring for a lantern, and knowing whether it would go out or not, do not seem to be inconsistent with the abilities and age of such a person as appellee appears to have been.

Appellee refers to *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160, and *Pittsburgh, etc., R. W. Co.* v. *Adams*, *supra,* in support of his contention that a charge of negligence includes knowledge as an essential element of negligence. It is not clear that there is any sufficient allegation of negligence as to the lantern made against appellant in appellee's complaint. The strongest statement in that regard is an imperfect recital rather than a distinct allegation. But whether, in the absence of a demurrer, or a motion to make more specific, the weakness of the complaint in this particular is cured by the verdict, we need not inquire, for, even if such charge were well made, we do not think that the authorities referred to would bear out appellee's contention.

At page 155 of the latter case it is said: "Upon the hypothesis that the gravamen of the action is alone the negligence of appellant in connection with the rail, and that to constitute negligence in that regard it is essential that appellant knew, or with reasonable care might have known, of its unsafe condition, still, the general averment that appellant negligently left the sliver or splint projecting from the rail, is sufficient." That is a correct statement of law. But the gravamen of the action in the case before us is not alone the negligence of appellant in connection with the lantern, but there is added

to this the question of the relation of employer and employee, and the assumption of care by the former and of hazard by the latter. And, in the same case, at p. 163, we find the more specific rule that "If the servant claims damages from the master for injuries received on account of defective premises, buildings, machinery or appliances, he must allege and prove that the unfitness or the defect, which caused the injury, was known to the master, or was such as, with reasonable diligence and attention to his business, he ought to have known." This rule applies to the case we are considering.

It seems very clear that the complaint does not state a good cause of action.

The judgment is reversed, with instructions to grant a new trial.

Filed March 16, 1893.