Model Automobile Co. *v.* Sterling—51 Ind. App. 78.

## MODEL AUTOMOBILE COMPANY *v.* STERLING.

### [No. 7,571.   Filed June 27, 1912.]

1. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Theory. —Factory Act.*—Although a complaint by a servant for injuries received while making repairs to shafting which was suddenly put in motion, described the shafting as "defective", where it was manifest from other specific averments that the word "defective" was used in the sense that the shafting was unguarded, and it was averred that defendant had notice of the defect, without alleging plaintiff's want of knowledge thereof, such complaint is on the theory of liability for failure to guard the shafting, as provided by §9 of the factory act (§8029 Burns 1908, Acts 1899 p. 231.)   pp. 81, 82.

2. PLEADING.—*Complaint.—Determination of Theory.*—The nature of an action must be determined from the general character and scope of the pleading, and isolated and detached allegations, not essential to support its main theory, will be disregarded. p. 82.

3. PLEADING.—*Complaint.—Sufficiency.—Theory.*—A paragraph of complaint must proceed on a single definite theory, and be good on that theory, or it will not be good at all.   p. 82.

4. NEGLIGENCE.—*Proximate Cause.*—The proximate cause of an injury is the efficient cause, or the cause which originates and sets in motion the dominating agency that necessarily proceeds through other causes as mere instruments or vehicles in the natural line of causation to the result. p. 82.

5. MASTER AND SERVANT.—*Injury to Servant.—Proximate Cause. —Complaint.—Sufficiency.*—A paragraph of complaint in a servant's action for personal injuries, based on the theory of a liability under §9 of the factory act (§8029 Burns 1908, Acts 1899 p. 231) requiring shafting, etc., to be properly guarded, which averred that while plaintiff was engaged in making repairs in and about defendant's shafting, the machinery was suddenly put in motion and caused such shafting to revolve against and strike plaintiff and hurl him to the floor, and which charged defendant with failure to install a guard "regulating the action and force of operation of said shafting", was insufficient, since it was not shown that the failure to guard the shafting was the proximate cause of the injury. p. 83.

6. PLEADING.—*Inferences.*—Inferences will not be indulged in favor of a pleading, it being presumed that a party's pleading is as strong in his favor as the facts to sustain it will warrant. p. 83.

7. MASTER AND SERVANT.—*Injury to Servant.—Negligence.—Complaint.*—A paragraph of complaint, for injuries to a servant, does not show negligence by merely alleging the removal of a certain clutch from defendant's shafting, where it is neither averred that the clutch was necessary for the safety of employes, nor that the use of the shafting without such clutch was attended with more danger than when used with it, nor that its removal was an act of negligence on the part of defendant. p. 85.

8. NEGLIGENCE.—*Complaint.—Allegations.*—In common-law actions, based on negligence, the particular negligence relied on must be directly averred, or such facts must be stated as will compel the presumption or inference that such negligence was the proximate cause of the injury sustained. p. 85.

9. MASTER AND SERVANT.—*Injury to Servant.—Defective Machinery.—Complaint.—Notice of Defect.*—The complaint in a servant's action for injuries, counting on a common-law liability, must aver that defendant had knowledge of the defect which caused the injury, and a want of such knowledge on the part of plaintiff. p. 86.

10. MASTER AND SERVANT.—*Injury to Servant.—Knowledge of Defects.—Assumption of Risk.*—Where defects are known by the servant, or are open and obvious to both the master and the servant, and the servant voluntarily continues in the service and incurs the hazards of such defects, he thereby assumes the perils thereof, and cannot recover for the injuries sustained therefrom. p. 86.

11. MASTER AND SERVANT.—*Injury to Servant.—Negligence in Starting Machinery.—Complaint.—Sufficiency.*—The complaint, in a servant's action for injuries, alleging that defendant ordered plaintiff to make certain repairs, and that to make them with safety it was necessary that the power operating the machinery should be cut off, that plaintiff requested defendant not to start the engine until word was received from him that the repairs were made, that plaintiff commenced work when the machinery was motionless, and that while at said work, and in a position made necessary therefor, defendant carelessly and negligently, without warning and without the knowledge of the plaintiff, suddenly started the engine and machinery connected therewith into rapid motion, whereby plaintiff was thrown to the floor and injured; sufficiently charges defendant with notice of plaintiff's dangerous position and with negligence in starting the machinery. p. 86.

12. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer.*— Overruling a demurrer to a bad paragraph of complaint is not reversible error, where it clearly appears that the verdict rests solely on the charge of negligence contained in a good paragraph. p. 87.

13. MASTER AND SERVANT. — *Injury to Servant.* — *Negligence.* — *Pleading and Proof.*—In an action by a servant against the master for personal injuries, the charge of negligence that the master, after being requested not to do so, started the machinery while the servant was repairing it, whereby the servant was injured, is not supported by evidence showing that the request was made to one who was an employe, not of the master, but of the company which sold power to the master, and that such employe started the machinery at the direction of the power company. p. 87.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Thomas J. Sterling against the Model Automobile Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Antrim & McClintic,* for appellant.

*V. E. Kagy* and *Frank D. Butler,* for appellee.

ADAMS, P. J.—This action was brought by appellee against appellant to recover damages for personal injuries alleged to have been received while in the employ of appellant, and by reason of appellant's negligence. The complaint is in two paragraphs. The first paragraph counts on a statutory liability on the part of appellant, under §9 of the factory act (Acts 1899 p. 231, §8029 Burns 1908). The second paragraph counts on a common-law liability for injury due to appellant's negligence in failing to furnish appellee a safe place in which to work.

Issues of law were formed by separate demurrers to each paragraph of the complaint, on grounds that neither paragraphs states facts sufficient to constitute a cause of action against appellant. The demurrers were overruled by the court, and such rulings are the first errors assigned and relied on for reversal.

The first paragraph of complaint, after setting out the

relation of the parties, the position, connections and purpose of certain shafting in appellant's factory, proceeds as

1. follows: "That during all of said time as aforesaid there was and existed a defect in said shafting used and being operated by defendant company as aforesaid, which said defect was known by the said defendant company, it consisting in the absence of a guard regulating the action and force of operation of said shafting, which said guard defendant company had negligently, carelessly and unlawfully failed to provide, construct and supply as required by law; that it was practical in the operation and use of said shafting as aforesaid to so guard the same, and that said guard and protection upon said shafting and machinery would not render the same practically useless for the purpose intended in its operation and connection with the machinery of said manufacturing establishment; that on the 23d day of November, 1908, this plaintiff was employed by and working for defendant company at said factory, and had been so employed and engaged in working thereat for said company some time previous to said date; that by virtue of the said employment it was required of him to work at and about the machinery of said factory, and said shafting, and that on said day, while in the course of said employment, plaintiff at the direction of defendant company was engaged in and about said shafting and making repairs upon the same; that without the knowledge of plaintiff said shafting and machinery was suddenly and with great force, by the power furnished and used in the operation of the same at the direction and under the control of the defendant company, started up and put in operation without said guard or other safety attached thereto, and did by reason thereof, and on account of the carelessness, negligence and failure of defendant company to guard and protect said shafting as aforesaid, cause said machinery and said shafting to strike against and revolve upon plaintiff to such extent and in manner and form

to throw and hurl him therefrom and to the floor of the building in which said machinery was located.'' We think this paragraph of complaint is clearly on the theory of liability for failure to guard shafting, as provided by the factory act of 1899, *supra*. While the shafting is described as ''defective'', it is manifest from other specific averments of the paragraph that the word ''defective'' was used in the sense that the shafting was unguarded.

It has been so often declared, as to become almost elemental, that the nature of an action must be determined from the general character and scope of the pleading, and that isolated and detached allegations, not essential to support its main theory, will be disregarded. It is also well settled that a paragraph of complaint must proceed on a single definite theory, and be good on that theory or it will not be good at all. That this paragraph of complaint was not designed to charge a common-law liability also appears from the fact that while it is averred that appellant had notice of the defect, it is not averred that the defect was unknown to appellee. This would have been a necessary averment, had appellee intended to state a common-law cause of action for negligence. *Reliance Mfg. Co.* v. *Langley* (1908), 41 Ind. App. 175, 177, 82 N. E. 114.

The question then arises, Is the first paragraph good when considered as stating a statutory liability for failure to guard shafting? The answer to this question depends on whether the facts averred show that the failure to guard was the proximate cause of the injury. Proximate cause has been defined as the efficient cause, or the cause which originates and sets in motion the dominating agency that necessarily proceeds through other causes as mere instruments or vehicles in the natural line of causation to the result. *Chicago, etc., R. Co.* v. *Dinius* (1908), 170 Ind. 222, 231, 84 N. E. 9; *New York, etc., R. Co.* v. *Hamlin*

(1908), 170 Ind. 20, 36, 83 N. E. 343, 15 Ann. Cas. 988; *Pennsylvania Co.* v. *Congdon* (1893), 134 Ind. 226, 33 N. E. 795, 39 Am. St. 251; *Billman* v. *Indianapolis, etc., R. Co.* (1881), 76 Ind. 166, 40 Am. Rep. 230.

It will be noted that the complaint does not state that appellee was injured by coming in contact with the unguarded shafting. It is averred that while appellee was engaged in making repairs in and about said shafting, the machinery, without his knowledge, was suddenly put in motion, which caused it to revolve against and strike appellee, and hurl him to the floor. Again, it will be noted that appellant is charged with failure to install a guard "regulating the action and force of operation of said shafting". It does not appear from this averment what sort of guard was contemplated by appellee, but whatever form of guard was intended, still the declared purpose of the same was "regulating the action and force of operation of said shafting". For any other purpose, it will be assumed that there was no need of a guard. Inferences will not be indulged in favor of a pleading. The rule is that a party's pleading is as strong in his favor as the facts to sustain it will warrant. *Pein* v. *Miznerr* (1908), 170 Ind. 659, 665, 84 N. E. 981.

From the facts directly averred in the first paragraph, it is not shown that the failure to guard was the proximate cause of the injury complained of. There was, therefore, no right of recovery on this paragraph of complaint, and the demurrer thereto should have been sustained. A review of the decided cases requiring this holding would unduly extend this opinion, and serve no good purpose. A mere citation of the cases will suffice. *P.H.&F.M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132, 137, 73 N. E. 253; *Chicago, etc., R. Co.* v. *Dinius, supra; Crawford & McCrimmon Co.* v. *Gose* (1909), 172 Ind. 81, 83, 87 N. E. 711; *Southern R. Co.* v. *Sittasen* (1906), 166 Ind. 257, 266, 76 N. E. 973,

and cases cited; *City of Logansport* v. *Kihm* (1902), 159 Ind. 68, 71, 64 N. E. 595; *Billman* v. *Indianapolis, etc., R. Co., supra; Pennsylvania Co.* v. *Congdon, supra; New York, etc., R. Co.* v. *Hamlin, supra.*

The second paragraph of complaint is based on the common-law liability for negligence. The part of the complaint charging negligence is as follows: ''That the power supplied for the operation of said machinery is connected by a long and extended shafting which, when in operation, starts the machinery in said establishment by the motion and revolution of said shafting as aforesaid; that previous to the date hereinafter stated there was attached to and operated with said shafting, and as a part thereof, a certain guard, commonly called a clutch, in such manner as when desired in the safety of the operation of said machinery and the employes of said establishment, the power and force communicated by means of such shafting, to said machinery, could and was disconnected and stopped through the use and manipulation of said guard and clutch, as connected therewith to said shaft, without stopping the engine which furnished the power to move said machinery as aforesaid; that thereafter said guard was, at the direction of defendant company, removed and rendered useless and of no account in the operation of said shafting and in the movement of said machinery as connected with said power plant; that the bents, wheels and machinery connected with said shafting, on account of its continued use, became defective, and it was necessary to repair the same; that this plaintiff on the 23d day of November, 1908, and for a period of time previous thereto, was engaged in the employment of said company, working in and about said factory, and was on said day, at the direction of said company, ordered to repair said defective machinery; that in order to make said repairs with safety to himself as directed, it became and was necessary that the power and engines used in communicating the same by means of said

shafting to said machinery remain quiet and still, and plaintiff requested of said company and the agent thereof in charge of the same not to start the engine and to move said shafting and machinery until he received word from him, and said repairs were made as directed; that while said engines and machinery were motionless, plaintiff began the construction of said repairs, and was in a position made necessary to perform said work in the line of his duty on a ladder resting against and about said casting, several feet from the floor of the room in which the same was located; that while in said position, engaged in the work as aforesaid, the defendant company carelessly, negligently, unlawfully, wilfully and purposely, without warning and without knowledge of this plaintiff, suddenly started said engine, shafting and machinery connected therewith into rapid and violent motion, by means of which plaintiff was hurled to the floor'', resulting in the injuries complained of. There is an attempt in this paragraph to charge negligence in two particulars: (1) By the removal of a certain clutch, whereby the power could be disconnected from the machinery without stopping the engine, and (2) in starting the engine without the knowledge of appellee.

It is not averred that the clutch was necessary for the safety of employes, or that the use of the shafting without the clutch was attended with more danger than when used with the clutch. If the removal of the clutch did not involve increased danger, no negligence is shown in that regard. Moreover, there is no averment that the removal of the clutch was an act of negligence on the part of appellant.

In common-law actions, based on negligence, the particular negligence relied on must be directly averred, or such facts must be stated as will compel the presumption or inference that such negligence was the proximate cause of the injury sustained. *Pennsylvania Co.* v. *Marion*

(1885), 104 Ind. 239, 241, 3 N. E. 874; *Laporte Carriage Co.*
v. *Sullender* (1905), 165 Ind. 290, 299, 75 N. E. 270.

It is also the rule in actions of this kind, counting on a
common-law liability, that the plaintiff must aver knowledge
of the defect on the part of the defendant, and a want
of such knowledge on his own part. In the paragraph
of complaint before us, there is no averment that
plaintiff did not know that the clutch had been removed.
This is a fatal omission. *Reliance Mfg. Co.* v. *Langley,
supra; Kentucky, etc., Bridge Co.* v. *Eastman* (1893), 7 Ind.
App. 514, 517, 34 N. E. 835; *Indianapolis, etc., Transit Co.*
v. *Foreman* (1904), 162 Ind. 85, 93, 69 N. E. 669, 102 Am.
St. 185; *Peerless Stone Co.* v. *Wray* (1896), 143 Ind. 574,
575, 42 N. E. 927. And where the defects are known by the
servant, or are open and obvious to both master and
servant, and the servant voluntarily continues in the
service and incurs the hazards of such defects, he
thereby assumes the perils thereof, and cannot recover for
injuries sustained therefrom. *Louisville, etc., R. Co.* v. *Kem-
per* (1897), 147 Ind. 561, 565, 47 N. E. 214, and cases cited.

As to the negligence charged in the second paragraph of
complaint on account of starting the engine without the
knowledge of appellee, it does not appear by any di-
rect averment when the repairs were ordered to be
made, or when they were actually made, after the or-
der was given. But it is averred that defendant ordered the
repairs, and that in order to make the same with safety, as
directed, it was necessary that the power operating the ma-
chinery should be cut off; that plaintiff requested defendant
not to start the engine until word was received from him
that said repairs were made as directed; that plaintiff com-
menced work when the machinery was motionless, and was
in a position, made necessary to perform said work, on a
ladder several feet from the floor; that while in said posi-
tion, and engaged in said work, defendant carelessly and

MAY TERM, 1912. 87

Model Automobile. Co. *v.* Sterling—51 Ind. App. 78.

negligently, without warning and without the knowledge of plaintiff, suddenly started the engine and machinery connected therewith into rapid motion, whereby plaintiff was thrown to the floor and injured. We think these averments sufficiently charge that appellant had notice of appellee's dangerous position, and was negligent in starting the machinery without knowing that appellee had completed his work. We, therefore, hold that the second paragraph of complaint states a cause of action against appellant for negligence in starting the machinery.

As it clearly appears that the verdict rests solely on this charge of negligence, the overruling of appellant's demurrer to the first paragraph of complaint is not reversible error. *Bedford Quarries Co.* v. *Turner* (1906), 38 Ind. App. 552, 558, 77 N. E. 58; *Pittsburgh, etc., R. Co.* v. *Warrum* (1908), 42 Ind. App. 179, 182, 82 N. E. 934, 84 N. E. 356; *Conner* v. *Andrews Land, etc., Co.* (1904), 162 Ind. 338, 345, 70 N. E. 376; *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 668, 53 N. E. 641; *Lime City Bldg., etc., Assn.* v. *Black* (1894), 136 Ind. 544, 549, 35 N. E. 829.

Appellant also relies for reversal on the error of the court in overruling its motion for a new trial, and it is first insisted that the verdict of the jury is not sustained by sufficient evidence.

In considering this specification of error, it is necessary to examine the record. The uncontroverted facts disclosed are that the factory building of appellant immediately adjoined the building of the Model Gas Engine Works, and was separated therefrom by a single partition wall, without doors or inside means of communication between the buildings. Appellant and the Model Gas Engine Works were separate and distinct corporations. Appellant purchased its power from the Model Gas Engine Works, which was transmitted to the works of appellant by means of a line shaft extending through the partition wall and about thirty feet into appel-

lant's shops. The power plant was located in the building, and was the property of the Model Gas Engine Works, and the engineer was Loren Naylor.

With the general verdict, the jury returned answers to three interrogatories. The jury, by its answer to the first interrogatory, found that the starting of the machinery by the engineer, without notice to appellee, was the proximate cause of the injury; by its answer to the second interrogatory, it found that Loren Naylor at the time of the injury was in the employ of the Model Gas Engine Works, and by its answer to the third interrogatory, it found that said Naylor at the time of the injury was in the employ of appellant.

There is no evidence whatever supporting the answer to the last interrogatory. Naylor himself testified that he was at the time of the injury in the employ of the Model Gas Engine Works, and was never in the employ of appellant. He also testified that appellee informed him that he was going to make certain repairs, and that he was not to start the machinery until appellee notified him. It is also shown by the evidence that when appellee was repairing the pulley on the line shaft, Naylor came into the automobile building, and inquired of appellee how soon he would be done, and was told that it would not be long, and that he would be advised. Naylor returned to the Gas Engine building, and after waiting ten or fifteen minutes started the machinery on the order of the superintendent of the Model Gas Engine Works.

It is obvious that no verdict against appellant for negligence charged in the complaint could be supported by this evidence.

The judgment is therefore reversed, with instructions to the lower court to grant a new trial, with leave to appellee to amend his first paragraph of complaint if desired.

NOTE.—Reported in 99 N. E. 51. See, also, under (1) 26 Cyc. 1392; (2) 31 Cyc. 68, 84, 116; (3) 31 Cyc. 116; (4) 29 Cyc. 489;

(5, 7) 26 Cyc. 1386; (6) 31 Cyc. 48; (8) 29 Cyc. 569; (9) 26 Cyc. 1390, 1397; (10) 26 Cyc. 1196, 1213; (11) 26 Cyc. 1390; (12) 31 Cyc. 358; (13) 26 Cyc. 1408. As to liability of master for injuries to servants while performing special service on his demand, see 97 Am. St. 896. As to the duty and liability of a master with respect to guarding shafting, see 18 Ann. Cas. 652.