## BESS *v.* MORGAN, ADMINISTRATOR.

[No. 8,638.    Filed January 27, 1914.]

1. APPEAL.— *Review.— Harmless Error.— Ruling on Demurrer to Complaint.*—Where it appears from the jury's answers to interrogatories that the verdict was based upon a good paragraph of complaint, the error, if any, in the overruling of a demurrer to another paragraph is harmless. p. 432.
2. APPEAL.— *Review.— Ruling on Motion for New Trial.*— Where the verdict was not contrary to law and there was evidence to support every material allegation of the complaint, the court did not err in overruling the motion for new trial urging that the verdict was contrary to law and not sustained by sufficient evidence. p. 433.

From Henry Circuit Court; *Ed Jackson,* Judge.

Action by Eric C. Morgan, administrator of the estate of John M. Beavers, deceased, against George Bess. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Brown & Beard* and *Clarence M. Brown,* for appellant.
*J. L. Shelton* and *Forkner & Forkner,* for appellee.

SHEA, J.—This was an action in replevin by appellee as administrator of the estate of John M. Beavers, deceased, against appellant Bess to recover possession of certain personal property of which it is alleged decedent died seized, and which was taken and detained by appellant. The complaint was in two paragraphs, the first containing the usual and formal allegations for replevin. The second paragraph sets out the same facts as the first, alleging in addition that decedent bought certain well cleaning apparatus and equipment of the Star Drilling Machine Company of Akron,

Ohio; that at the time of the purchase decedent was living with appellant and his parents, and was an old man, feeble in mind and body and easily influenced; that appellant and his parents, knowing his condition, intentionally and fraudulently induced decedent to enter into a pretended partnership with appellant for the purpose of operating the drilling machine, and conspired together for the purpose of depriving decedent of his property without compensation, and did obtain possession thereof. Decedent paid all that was paid of the purchase price, and he and appellant executed a mortgage to the company on the property for $1,351, as the unpaid balance of the purchase price. Subsequently decedent paid $450 on the mortgage, but appellant has not paid anything thereon, being at the time the property was purchased and now totally insolvent. Appellant now claims all of the property by virtue of a pretended gift from decedent to him. At the time of his death decedent was also the owner of certain other personal property which he bought and paid for with his own money, including a team of draft horses and a driving horse and a buggy. Appellant did not pay anything whatever on the purchase price of same; that appellant and his parents, knowing decedent was of unsound mind, intentionally and fraudulently induced him to make a pretended gift to appellant of all the property and since decedent's death appellant has taken possession thereof and claims the same as his own as a gift from decedent; that appellant's possession is fraudulent and unlawful, and appellee as administrator is entitled to immediate possession of same. The first paragraph of complaint was not demurred to. Appellant's demurrer to the second paragraph was overruled. Answer in general denial. Verdict and judgment for appellee for possession of the property.

With its general verdict the jury returned answers to twelve interrogatories, the substance of which is as follows: Decedent, John M. Beavers, signed the notes, mortgage and contract given for the Star drilling machine in litigation in

this case, as principal. There was no partnership existing between decedent and appellant Bess at the time the machine was purchased and delivered, nor afterwards. At the time of the purchase and delivery of the machine, decedent was of unsound mind. There was no fraud practiced upon decedent in the purchase and delivery of the machine. Decedent did not buy the team of draft horses, sued for in this action, for appellant. There was no fraud practiced upon decedent by appellant Bess in the purchase of the team. Decedent at the time of the purchase of the horses did not have sufficient capacity of mind to understand the nature of the transaction, the kind of property he was buying, and the value of it. He did not buy the driving horse and buggy sued for in this action for appellant Bess, and at the time this purchase was made did not have sufficient mind to understand the nature of the transaction, the kind of property he was buying and the value of it. None of the property sued for was delivered over to the possession of appellant Bess.

The errors relied on for a reversal are the overruling of appellant's demurrer to the second paragaph of complaint and the overruling of his motion for a new trial. It is very earnestly insisted by counsel for appellant that error was committed by the court in overruling the demurrer to the second paragraph of complaint.

It is clear from the answers to interrogatories that the verdict of the jury is based upon the first paragraph of complaint. The interrogatories and answers thereto show that all the property in question was purchased by John M. Beavers with his own money; that a partnership between John M. Beavers and appellant Bess at no time existed; that title to the property did not pass to Bess by gift, and that the property was not delivered to appellant Bess by Beavers during his lifetime. The general verdict is a finding in favor of appellee upon all the material issues presented by the first paragraph of complaint. The decisions of our courts are uniform in holding that

where the verdict of the jury is clearly based upon a good paragraph of complaint, the error, if any was committed in overruling a demurrer to a bad paragraph of complaint, is harmless. While we do not decide that the second paragraph of complaint is bad, we do hold that if error was committed, it was harmless. *Lake Erie, etc., R. Co.* v. *Voliva* (1913), 53 Ind. App. 170, 101 N. E. 338; *Ervin* v. *State, ex rel.* (1898), 150 Ind. 332, 346, 347, 48 N. E. 249; *Curless* v. *Watson* (1913), 54 Ind. App. 110, 100 N. E. 576; *Model Automobile Co.* v. *Sterling* (1912), 51 Ind. App. 78, 99 N. E. 51; *Indianapolis Southern R. Co.* v. *Tucker* (1912), 51 Ind. App. 480, 98 N. E. 431; *Terre Haute, etc., Traction Co.* v. *Phillips* (1912), 49 Ind. App. 643, 97 N. E. 1014.

No error was committed in overruling the motion for a new trial, as the verdict is not contrary to law and there is evidence to support every material allegation contained in the complaint. This court will not reverse a judgment where there is evidence sustaining every material point. *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 281, 98 N. E. 177; *Evansville Gas, etc., Co.* v. *Robertson* (1914), *ante* 353, 100 N. E. 689.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 1086. See, also, under (1) 31 Cyc. 358; (2) 3 Cyc. 348.