17,634.

## GRIMES v. BUTSCH ET AL.

GUARDIAN AND WARD.—*Ward Escaping From Another State to This.—Foreign Guardian Cannot be Mandated by Court of This State as to Education of Ward.*—A guardian residing in Missouri, who is an exemplary man in all respects, and furnishes the ward, who resides in such State, with opportunities for a good education therein, cannot be compelled in this State, to which State the ward is induced to run away by his sister, who is only twenty-two years old, and for other reasons wholly unfit to have the custody of such ward, to send the latter to school in another State, under Mo. R. S. 1889, section 5297, giving the guardian control of the person of the ward, and the care of his education, support, and maintenance.

From the Vanderburgh Superior Court.

*C. L. Wedding*, for appellant.

JORDAN, J.—This was an application under section 1107, R. S. 1881 (section 1121, R. S. 1894), by the appellant as the guardian of the person and estate of Frank M. Cooper, a minor, for a writ of *habeas corpus* against the appellee, to obtain the custody of his said ward, who was alleged to be restrained by the appellees, Nellie Butsch and husband. By their return to the writ issued upon the petition, appellees denied the allegations therein, and alleged and recited other facts tending to show that the appellant had neglected to discharge his duties as guardian, and was not fit to have the custody and control of the ward. A hearing by the court of the petition resulted in a finding against the guardian, and thereupon the court made and entered the following order and judgment:

"It is therefore ordered and adjudged by the court

that the said Granville P. Grimes, the guardian of the said Frank M. Cooper, place the said ward in school at the military academy known as Riverview, located in the city of Poughkeepsie, in the State of New York, and that said guardian provide and furnish the necessary funds for that purpose out of the estate of his said ward in his hands, and that he do this without delay.

"It is further ordered by the court that said ward, Frank M. Cooper, be permitted by his guardian to spend the time of his vacation either with his sister, Mrs. Nellie Butsch, or with his guardian and relatives in Missouri, as he, the said ward, may prefer; and that said Granville P. Grimes pay the costs herein from the estate of his said ward."

A motion for a new trial was filed, and while the same was pending the record recites that the court, being informed that the plaintiff had refused to carry out the order and judgment of the court first entered, did then order that the defendant, Nellie Butsch, sister of the ward, be and was authorized and directed to place said ward in said school at Poughkeepsie, New York, and that the ward's estate be chargeable with the expenses of his education at said school.    To this order appellant objected and excepted, and thereupon his motion for a new trial was overruled, to which ruling he excepted.

The error assigned, and the questions here presented, arise upon the action of the lower court in overruling the motion for a new trial, and are based upon the evidence in the cause.

We have not been favored with a brief upon the part of appellees, and are not informed of the reasons, if any, which they urge to sustain the judgment below. The evidence, which is in the record, clearly establishes,

the following facts:

That the appellant is a foreign guardian of the person and estate of Frank M. Cooper, a minor child of David L. Cooper, deceased; that appellant was appointed guardian of said ward by the probate court of Monroe county, in the State of Missouri, at which county the guardian then and still resides; that the father of said minor resided and died in said county of Monroe; that subsequent to the death of the father, the mother also died a resident of the aforesaid county, leaving the guardian as the only legal protector of this ward. That prior to the ward coming to the State of Indiana, he resided in said Monroe county, at the home of his guardian. There all his relatives reside, except the appellee, his married sister, who resides at Evansville, Indiana. And all of his estate, both real and personal, is situated in that county, and the guardianship is still pending, and under the control of the probate court thereof. This ward is an inexperienced youth of about seventeen years of age, easily susceptible to the influences of his sister, the appellee, who, as it appears from the evidence, is only twenty-two years of age, and for other reasons is wholly unfit to have the control or custody of her brother.

The evidence shows that the guardian is an exemplary man in all respects. That he was an especial friend of the boy's father; and accepted the appointment of guardian by reason of the father's request made in his last sickness. He provided the ward with a good home at his own house, placed him in the Missouri Valley College, at Marshall, Mo., for the purpose of giving him a good education. He was appointed guardian in 1885. The ward's estate at that time amounted to about twenty thousand dollars, and by the management of the guard-

ian it has been increased until it amounts to over thirty-one thousand dollars.    During the fall of 1894, through the persuasions of the appellee, Nellie Butsch, the ward was induced to run away from the school where the appellant had placed him, and come to Evansville, Indiana, to reside with her, at her home in said city.    Appellant, together with a half-brother of the ward, came to Evansville to induce him to return.    Appellee refused to permit the boy to leave, and informed the appellant that he dared not take her brother back to Missouri, and if he attempted to do so she would call upon the police to prevent it, and further stated that the matter must be settled in the courts.

The statute of the State of Missouri, which was in evidence, provides that "The guardian of the person, whether natural or legal, shall be entitled to the charge, custody, and control of the person of his ward, and the care of his education, support, and maintenance," etc.

Here is a mandatory, positive, and controlling law of the State, wherein the guardian and his ward are domiciled, and in the probate court of which State the guardianship is pending.    The appellant's rights under this statute, in this respect, are higher than those of the relatives or friends of the ward.    There are no reasons or grounds apparent from the evidence that would authorize or justify the trial court in denying to the appellant the rights relative to his ward granted to him by this statute.    It cannot be controverted upon legal grounds, we think, that where, as in this case, the right of the guardian to the custody, control and education of his ward is clearly shown under the law, it is the duty of the court to yield thereto, and award to him this right.    This right, although existing under the laws of a sister State, will be respected and enforced, upon a proper showing, by the courts of this State.    If it were

supposed that the custody of this ward and his care and education and the management of his estate should be changed, application therefor ought to be made to the proper court in the State of Missouri for an examination and determination of that question. The ward, under the facts herein, had no power to change his domicile by running away from his guardian in the State of Missouri and coming to this State. Appellant, as the guardian in Monroe county, Missouri, was entitled, under the law of that State, to have charge of this minor, in order to enable him to provide for his protection, maintenance, and education. It is manifest, therefore, that the finding and order of the court are not sustained by the evidence and are contrary to the law.

The judgment of the trial court is reversed at the cost of appellees, Christopher C. and Nellie Butsch, and the court is directed to sustain the motion for a new trial and to proceed in accordance with this opinion.

Filed September 24, 1895.