Raymond *et al., v.* Wathen *et al.*

No. 17,530.

RAYMOND ET AL. *v.* WATHEN ET AL.

142  367
144  492

142  367
150  163
152  522

142  367
154  238

142  367
162  364

142  367
f168  283

APPELLATE PROCEDURE.—*Amendment of Pleading.*—An amendment of a complaint, by leave of the court, by inserting a necessary averment in order to conform it to the proof, renders an objection to the overruling of a demurrer based on such omission unavailable.

SAME.—*Amendment of Pleading.*—A party cannot complain in the Supreme Court, of the granting of permission to the adverse party to amend his pleading to conform to the proof, where the record does not disclose that he was in any way deceived by the amendment, or prejudiced in his rights thereby.

EVIDENCE.—*Conveyance.—Mental Incapacity of Grantor.—Presumption.*—The mental incapacity of a grantor, accompanied with and probably due to the infirmities of old age, and decrepitude, will be presumed to have continued from the date of the execution of the deed in question until his death, occurring about one month thereafter.

CONVEYANCE.—*Deed.—Mental Incapacity of Grantor.—Rule.*—An essential privation of the reasoning faculties, or any incapacity of understanding, and acting with discretion in the ordinary affairs of life, renders a person of unsound mind and incapable of executing a deed.

AMENDMENT OF PLEADING.—*When May Be Made.—Practice.*—The trial court may permit the amendment of a complaint to conform it to the proof at any time before final judgment, even after a verdict, under section 399, R. S. 1894, providing that the court may allow such an amendment "at any time."

PLEADING.—*Demurrer.—Complaint Attacking Invalidity of Deed.—Two Grounds Stated in One Paragraph.*—A demurrer to a complaint attacking the validity of a deed will be overruled, where the alleged invalidity is based upon two grounds set forth in a single paragraph, treated as such by the parties, if one of the grounds set forth sufficiently state a cause of action.

INTERROGATORY TO JURY.—*Conveyance.—Undue Influence.—Deed.*—An interrogatory upon the trial of an issue as to undue influence in procuring the execution of a deed, asking the jury to specifically find "how much influence was exercised," is properly rejected.

From the Daviess Circuit Court.

*H. Burnes* and *J. S. Pritchett*, for appellants.

*W. R. Gardner, C. G. Gardner* and *W. R. Gardner, Jr.*, for appellees.

JORDAN, J.—Appellees, as the children and heirs of Eberhart H. Raymond, commenced this action to avoid and set aside a certain deed executed by said Eberhart H. to appellant Sarah B. Raymond, by which he conveyed to her real estate and personal property of the alleged value of five thousand dollars, in consideration of one dollar, and love and affection. The validity of the deed in question is assailed by the complaint upon two grounds, to-wit:

1.   Mental incapacity of the grantor.

2.   Undue influence in procuring its execution.

The complaint, among other things, alleges, that the deed was executed by the said Eberhart H. Raymond, on the 23rd day of April, 1894, and that he died on May 28, 1894, and at the date of its execution he was of unsound mind. That at said date he was eighty-two years of age, and at and prior thereto he was enfeebled by age, and physical and mental decrepitude.

Further facts are alleged, exposing the invalidity of the deed upon the ground of undue influence exercised over the grantor at the time of the conveyance. Appellants each separately, but unsuccessfully, demurred to the complaint as an entirety upon the ground of insufficiency of facts. Upon the issues joined between the parties by an answer in denial, a trial resulted in a jury returning a general verdict for the appellees, and also special findings upon three interrogatories submitted to them, to the effect that the deed in controversy was procured to be executed by the undue influence exercised over the grantor by all of the appellants, and at the time

he executed the same he did not have sufficient mind
and memory to understand the ordinary affairs of life,
and have a general knowledge of his property. Over the
separate motions of appellants for a new trial, and in
arrest of judgment the court rendered its judgment
setting aside the deed.

The first error urged upon us for consideration by
appellants' learned counsel, is that the complaint was
not sufficient in facts to withstand a demurrer, and that,
therefore, the court erred in overruling the same.   As
we have seen, the invalidity of the deed was based upon
two grounds set forth in a single paragraph, and treated
as such by the parties, as there was no motion to require
plaintiffs to further paragraph their complaint.   There-
fore, it is evident, we think, that each ground, or speci-
fication, must be viewed or treated in the character of
a separate paragraph, and where the demurrer does not
challenge each ground specifically, but all as an entirety,
in the words, "that the complaint does not state facts
sufficient, etc.," then, and in that event, if any one of
the grounds set forth  is  sufficiently stated to consti-
tute a cause of action, there will be no available error
in overruling the demurrer, upon the same principle
that a joint demurrer to a pleading of several para-
graphs of which one, at least, is good must be overruled.
*Mustard* v. *Hoppess*, 69 Ind. 324; *Hilton* v. *Mason*, 92
Ind. 157; *Hill* v. *Probst*, 120 Ind. 528; *Jones* v. *Cul-
len*, 142 Ind. 335; *Ohio, etc., R. W. Co.* v. *McCartney*,
121 Ind. 385.

We think  that the complaint, as formulated and
treated by the parties herein, comes within the rule laid
down and approved by the above decisions.

It is insisted that the pleading does not state a cause
of action upon the ground of insanity for two reasons:
   1st.   That there is an absence of facts showing that

the grantor "continued to be of unsound mind until his death, or that he disaffirmed the deed after he became of sound mind."

2nd.    That it does not allege that the grantor, or the appellees as his heirs, had disaffirmed the deed prior to the commencement of this action.

In support of their first objection, the appellants cite *Hardenbrook* v. *Sherwood*, 72 Ind. 403, and *Louisville, etc., R. W. Co.* v. *Herr*, 135 Ind. 591. Neither of these cases, we think, is applicable to the case at bar upon the first proposition, in view of the facts as they appear upon the face of the complaint.

In the case first cited more than eighteen months had elapsed after the insane ward had executed the replevin bond (he not being under guardianship at the time of its execution) before the filing of the complaint by his guardian, and as it did not directly or inferentially appear that the mental disability therein alleged continued, etc., this court held it insufficient. By the pleading now under consideration, it is shown that the grantor was eighty-two years of age, enfeebled by age, and physical and mental decrepitude, and that his death occurred in about a month after the execution of the deed.

The mental condition of the grantor, as it is apparent from the facts in the complaint, was accompanied with, and probably due to the infirmities of old age and decrepitude, and the inference or presumption under these facts must follow that his mental condition would not improve in the short limit of his life subsequent to the execution of the conveyance in controversy.

The presumption as to the continuance of insanity when once shown is one of fact, varying with the particular case. 2 Wharton Ev., section 1253.

The rule, however, does not apply to occasional or

intermittent insanity, but it does in all cases of whatever nature, wherever the insanity is apparently confirmed.

In *Physio-Medical College* v. *Wilkinson*, 108 Ind. 314, in passing upon a question similar to the one here involved, on page 319, it was said:

"The complaint before us presents a case of mental unsoundness, accompanied with, and probably resulting from the infirmities and decrepitude of old age. There is no presumption either of law or fact that passing years give release from such impairment of reason."

We think, the complaint not subject to appellants' first objection.

As the complaint was originally drafted there was an omission of the technical averment that the grantor or the appellees, as his heirs, prior to the commencement of the action, had disaffirmed the deed. After the motion for a new trial was overruled, and pending the motion in arrest of judgment, appellees obtained leave of court over appellants' objection, and amended the pleading in this respect, by inserting the necessary averment in order, as appellees contend, to conform it to the proof. With the fact of disaffirmance appearing in the complaint by virtue of the amendment, it was cured of the infirmity urged against it, and no longer open to appellants' objections, and consequently no available error resulted from overruling the demurrer to the alleged cause of action based upon the ground of the grantor's insanity. The complaint being sufficient upon this basis, and the demurrer having assailed it as an entirety, the action of the court in overruling it was proper, and, therefore, in order to uphold the pleading, we are not required to consider its sufficiency in regard to the charge of undue influence.

Appellants have assigned and urged as error the action of the court in permitting the amendment of the complaint after the verdict, by inserting therein the omitted averment relative to the disaffirmance of the deed. The ruling of the court in allowing this amendment, and the matter inserted into the complaint thereby are in the record by a bill of exceptions.

Appellants' contention is, that by this amendment an important and entirely new issue was presented, and that they were entitled to notice thereof, before trial, in order that they might be prepared to meet it with proof. By section 399, R. S. 1894, section 396, R. S. 1881, discretionary power is lodged in the trial court to allow a party "at any time" to amend his pleading by inserting any material allegation, etc., "to conform the pleadings to the facts proved, when the amendment does not substantially change the claim or defense." These words "at any time" as embraced in this section have a broad meaning, and this clause has been, and may in reason be construed, to permit the amendment in furtherance of justice to be made upon a proper showing after verdict, but before the final judgment.

At common law the court had power, in the furtherance of justice, to allow amendments to be made after verdict, until final judgment, and it is not reasonable to suppose that the code intended to restrict this power. See Ency. of Plead. and Prac., Vol. 1, pages 604 and 605. *Boyd* v. *Smith*, App. court (Ind.), 39 N. E. 208. Elliott App. Proced., section 607.

The amendment did not substantially change the claim or issue in the case. It resulted in adding only to the complaint a material averment to conform it to the evidence. The record does not disclose that the appellants were in any way deceived by the amendment, or prejudiced in their rights thereby. No proof was made or

offered by them tending to show that they were in any manner misled or prejudiced by this action of the court. Under such circumstances it is settled that the complaining party cannot be successfully heard in this court relative to the ruling in permitting the amendment. *Child v. Swain,* 69 Ind. 230, and cases there cited. *Stanton v. Kenrick,* 135 Ind. 382. There is no available error in allowing the amendment in question. The broad rule laid down in the case of *Heddens* v. *Younglove,* 46 Ind. 212, to the effect that the court possesses no power to permit an amendment to be made after verdict, is not tenable, and that decision must be held to be overruled to that extent.

Appellants concede that under the rules by which this court is controlled there is no such error as would justify a reversal of the judgment for want of evidence, or for the reason that it is contrary to law. They, however, insist that certain instructions, relative to undue influence and fraud, were not applicable to the evidence upon this subject. In this, counsel are mistaken, as there is evidence both direct and circumstantial, tending to support this issue to which these instructions were applicable. The fifth and sixth instructions are criticised for the reason, as claimed, that they are not limited in their terms to the particular acts of fraud or undue influence set forth in the complaint. By the fifth instruction the court gave to the jury the law in general, relative to undue influence, and what were sufficient acts under certain circumstances to avoid a deed.

By the sixth the court instructed the jury as to how they should apply the law to the evidence in support of the alleged undue influence. Both of these instructions were proper and correct.

By the tenth instruction the court informed the jury that if it was proved by a preponderance of the evidence,

that the grantor at the time he executed the deed did not possess that degree of mental capacity which would enable him to understand and act with discretion in the ordinary affairs of life, then the deed should be set aside.

Appellants contend that this instruction did not state the correct test of unsoundness of mind. It has been recognized by the decisions of this court that where there is an essential privation of the reasoning faculties of the person in question, or an incapacity of understanding, and acting with discretion in the ordinary affairs of life, he is, in that event, a person of unsound mind.

And where it is shown that such mental incapacity existed at the time of the execution of the deed or contract controverted, it is sufficient to avoid the same. This seems to be the true test, and correct rule, adhered to by the decisions of this court. *Somers* v. *Pumphrey,* 24 Ind. 231 ; *Darnell* v. *Rowland,* 30 Ind. 342. Clark Const., section 141. Ewell Lead. Cases, foot note to page 558.

The instruction complained of substantially stated a correct exposition of the law relative to the degree of insanity sufficient to set aside the deed in controversy.

The next proposition presented, arising out of the alleged error in overruling the motion for a new trial, is the court's refusal to submit to the jury interrogatories three, four, five and six requested by appellants. The first, second and seventh interrogatories requested by them, relative to the execution of the deed having been procured by undue influence, and as to the persons who exercised said influence, and embodying the facts pertaining to the grantor's mental capacity, or ones equivalent thereto, were submitted to, and answered by the jury.

By the third interrogatory the jury was asked to

specifically find "how much influence was exercised," and it is obvious, we think, that this was properly rejected. · Had the fourth, fifth and sixth been answered by the jury, they would have exerted no influence upon the final result or decision in the case, and for that reason alone, there was no prejudicial error in the court's refusal to submit them. Elliott App. Proced., section 651.

The court did not err in overruling the motion in arrest of judgment. We have not considered the question raised by appellee to the effect that the evidence is not in the record, but in our consideration of the points involved, dependent upon it, we have treated it as being properly before us.

No error being disclosed by which the substantial rights of appellants were prejudiced, the judgment is affirmed.

Filed October 29, 1895.