Marvin *et al. v.* Sager.

---

MARVIN ET AL. *v.* SAGER.

[No. 17,674.   Filed June 10, 1896.]

APPEAL AND ERROR.—*Harmless Error.—Record.*—A reversal cannot be had for an error in overruling a demurrer to a paragraph of complaint when it is shown by the record that the finding is not based upon such paragraph.

SAME.—*Longhand Manuscript of Evidence.—Bill of Exceptions.*—The original longhand manuscript, to be incorporated in the bill of exceptions, must be filed with the clerk of the court before so incorporated.

SAME.—*Examination of Party Under the Statute.—Witness.*—Where the examination of a party defendant had been taken by the plaintiff under the statute, and it was agreed in open court, at the close of plaintiff's evidence, that if the plaintiff would consent to defendants reading said examination as a deposition, the defendants would not examine such witness, and such examination was read, it was not error to refuse to allow the examination of such witness.

NEW TRIAL.—*Excessive Damages.— Tort.—* Excessive damages is a cause for a new trial in cases of tort only.

APPEAL AND ERROR.—*Failure of Counsel to Argue.—Error Waived.*— Where counsel for appellant fail to argue an error assigned it will be considered waived.

From the Porter Circuit Court.   *Affirmed.*

*H. R. Robbins,* for appellants.

*W. Johnston,* for appellee.

McCabe, J.—We infer, from certain parts of the transcript, that the appellee sued the appellants to rescind a contract, under the terms of which the plaintiff conveyed certain described land to the appellants, and to recover back certain money.

A separate demurrer to the several paragraphs of the complaint, by each of the defendants, was overruled as to some of the paragraphs. The issues joined upon the complaint and answers were tried by the court, resulting in a general finding for the plaintiff, upon which judgment and decree followed, ordering a reconveyance and other relief over the defendant's motions for a new trial. Error is assigned upon the rulings upon the demurrer and in overruling the motion for a new trial.

The only paragraph of the complaint to which appellants contend the court ought to have sustained the demurrer, is one which the court ordered to be numbered 4, though it had been numbered 3, there being already three paragraphs in the complaint before that one was attached thereto.

The transcript shows that the finding of the court was on the original third paragraph, and not on the one subsequently numbered 4. That one is the only paragraph of the complaint to be found in the transcript. The truth is, there is nothing in the transcript to show that there ever was a complaint filed at all in the case, except by inferences from demurrers and answers filed. The transcript does not purport to contain all of the record, nor even the essential parts thereof. It is enough to say that no question is presented as to the sufficiency of the only paragraph of the complaint found in the transcript, because it is shown that the

finding is not based on it. Therefore, the ruling upon the demurrer thereto could not affect the substantial rights of the appellants, even though erroneous in the abstract. And unless their substantial rights are injuriously affected, they cannot have a reversal for such an error. R. S. 1894, sections 401, 670 (R. S. 1881, sections 398, 659), and authorities there cited.

One of the grounds specified in the motion for a new trial is that the decision of the court is not sustained by sufficient evidence.

There is in the transcript what purports to be a bill of exceptions, incorporating thereinto the longhand manuscript of the evidence. But it is not clear that the bill is shown, legitimately, to be a part of the record.

On the 29th of June, 1894, ninety days were allowed the defendants in which to present their bill of exceptions.

The learned judge certifies that the bill was presented to him on September 24, 1894, "but not signed for want of time to examine the same," and yet he signed this statement written at the end of the bill. And below that yet, he states that it is "signed and made a part of the record  *  *  *  this 21st day of June, 1893," after which his signature is subscribed.

It is impossible for him to have signed it at that date. There must have been some mistake about it. But treating the last date given by the judge as a mistake, and regarding the date of signing as wholly immaterial, as we think we may, under the statute (R. S. 1894, section 641; R. S. 1881, section 629), where the date of presentation is given, as is the case here, we find another difficulty.

The clerk certifies that the longhand manuscript was filed in his office on the 25th day of September, 1894. That is one day after the bill of exceptions was

presented to the judge, incorporating thereinto the longhand manuscript. If not filed before it is incorporated into the bill of exceptions, the original cannot be certified here instead of a transcript, as was attempted to be done in this case. *Holt* v. *Rockhill*, 143 Ind. 530. But treating the longhand manuscript as properly in the record, still it shows that the evidence is not all in the record. There are several places where it is stated that certain deeds were read in evidence and a blank place left in the bill of exceptions to insert them, but they have not been inserted. Again, there is another place where it appears that a copy of one of the missing deeds has been pasted into the transcript since the bill of exceptions was signed.

The evidence is not conclusive that this has been done, but the appellee has produced the affidavit of the stenographer that such copy has been pasted in since the bill of exceptions was signed by the judge. To this appellants' counsel pay no attention. They brought the transcript here and seek a reversal on it; under such circumstances, they are at least called on for an explanation. But we need not, and do not, pass on the question as to whether such copy of a deed has been pasted into the transcript without authority or not, as there are several omissions of copies of deeds that the bill of exceptions shows were read in evidence, and they have in no manner been supplied. Therefore, notwithstanding the statement at the close of the bill that it contains all the evidence given in the cause, it affirmatively shows that it does not. Therefore, we cannot consider the sufficiency of the evidence to support the finding.

One of the grounds specified in the motion for a new trial, is the refusal of the court to allow appellees to introduce one John W. Nichols as a witness in their behalf.

The reason of the ruling was that Nichols' examination as a party defendant in the suit had been taken by the plaintiff under the statute, and it was agreed, at the close of the plaintiff's evidence, that if the plaintiff would consent to the defendants reading said examination as a deposition, the defendants would not examine such witness; all of which was agreed to in open court, the court at the time admonishing defendants that if they read said examination they would not be permitted thereafter to introduce the witness. They did read the examination, and thereafter the court refused to allow them to examine the witness. There was no error in such refusal.

Another reason assigned in the motion for a new trial, and urged in argument, is "that the damages as found by the court are excessive." Excessive damages is a cause for a new trial in cases of tort only. *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548; *Thomas, Admr.,* v. *Merry,* 113 Ind. 83; *Moore* v. *State, ex rel.,* 114 Ind. 414; *Hogshead, Admr.,* v. *State, ex rel.,* 120 Ind. 327; *Western Assurance Co.* v. *Studebaker,* 124 Ind. 176.

As the appellants have seen fit not to bring the paragraph of the complaint upon which the damages were assessed before this court, we are unable to say that the damages assessed were for a tort. In case they were not, the assignment of excessive damages as a cause for a new trial would not present the question sought to be raised thereby.

The next and third cause for a new trial was concerning the introduction in evidence of a certain deed; but the error, if any there was, in the ruling, was waived by appellants' counsel making no attempt at argument in support of the assignment of the alleged error.

The fourth and only other reason for a new trial dis-

cussed by appellants' counsel, namely, the insufficiency of the evidence, has already been disposed of. The circuit court did not err in overruling appellants' motion for a new trial.

Finding no available error assigned, the judgment is affirmed.