## LARAMORE v. BLUMENTHAL, ADMINISTRATRIX, ET AL.

[No. 8,759. Filed April 21, 1915.]

1. APPEAL.—*Review.—Demurrer to Complaint.—Waiver of Objections.*—In determining whether there was error in overruling a demurrer to a complaint only such objections made in the memorandum accompanying the demurrer as are pointed out in appellant's brief will be considered, and the others will be deemed waived. p. 600.

2. EJECTMENT.—*Complaint.—Requisites.—Harmless Error.*—While a complaint in ejectment is sufficient if it states in substance the matters required by §1100 Burns 1914, §1054 R. S. 1881, the error, if any, in overruling a demurrer to a paragraph of complaint which, though sufficient to warrant the inference that plaintiffs were entitled to the possession, failed to allege that fact directly, was harmless, in view of the fact that the court permitted such allegation to be made as an amendment to another paragraph and might with equal propriety have permitted the same amendment to the paragraph in question, and the evidence necessary to sustain a verdict on the latter paragraph, had it been amended, would also support a verdict on the paragraph that was amended. pp. 601, 604.

3. PLEADING. — *Complaint. — Amendment After Verdict.* — Under §400 Burns 1914, §391 R. S. 1881, providing that no variance between the allegations and proof shall be deemed material unless the adverse party was thereby misled to his prejudice, and §405 Burns 1914, §396 R. S. 1881, authorizing the court to permit amendments at any time to conform the pleadings to the facts proved, the trial court had authority to permit a complaint in ejectment to be amended after verdict for plaintiff, and pending a motion in arrest of judgment, so as to conform to the proof by alleging that plaintiffs were entitled to possession, and where the motion for leave to amend sought only to include averments to make the complaint conform to the proof, the court on appeal will assume, in the absence of the evidence from the record, that there was evidence to justify the trial court in permitting the amendment. p. 601.

4. APPEAL.—*Review.—Amendment of Complaint 'After Verdict.*— Error predicated on the action of the trial court in permitting a complaint to be amended after verdict so as to conform to the proof, is not available in the absence of proof made, or an offer of proof, showing that the appellant was harmed thereby. p. 603.

5. APPEAL.—*Review.—Motion in Arrest of Judgment.*—Where one paragraph of complaint was amended after verdict so as to cure any defect therein, the court did not err in overruling a motion

in arrest of judgment, since such motion must challenge the complaint as a whole, and is not available if there is in the complaint one good paragraph.   p. 604.

6.  APPEAL.—Assignment of Errors.—Insufficiency of Complaint.— Assignments of error challenging the sufficiency of a complaint are not available under §§344, 348 Burns 1914, Acts 1911 p. 415, and were not available prior to such enactment if directed to separate paragraphs instead of to the complaint as an entirety. p. 604.

From Pulaski Circuit Court; George A. Williams, Special Judge.

Action by Bertha Blumenthal, administratrix of the estate of Morris Blumenthal, deceased, and others, against Ralpha L. Laramore.   From a judgment for plaintiffs, the defendant appeals.   Affirmed.

E. C. Martindale and Peters & Peters, for appellant.

C. W. Barker, Moore & Moore and H. R. Robbins, for appellees.

HOTTEL, C. J.—On December 5, 1911, the appellees filed in the Starke Circuit Court, a complaint in one paragraph, in which they alleged in substance and in general terms that they were the owners in fee simple of certain real estate therein described and that appellant then held and for a year past had unlawfully held possession of such real estate, and though frequently requested to vacate the premises had refused to do so.   Possession and damages for the retention of the property were asked.   This complaint was not questioned by demurrer and the only answer filed was a general denial.   On appellant's motion the cause was venued to the Pulaski Circuit Court where a trial by the court resulted in a finding and judgment in favor of appellees.

On September 9, 1912, appellant was granted a new trial as a matter of right and on the same day appellees filed a second paragraph of complaint.   This paragraph differed from the first paragraph in that, instead of alleging generally that appellees were the owners of the real estate described, it alleged facts showing the source of appellees'

title, viz., that appellee Bertha Blumenthal is the widow of Morris Blumenthal and that her coappellees are children of Morris and Bertha Blumenthal, that appellees were the only heirs of Morris Blumenthal; that on September 6, 1907, Morris Blumenthal died intestate the owner of the real estate; and, in addition to averring generally that the appellant wrongfully and without right held possession of the premises, the second paragraph contained further averments, setting out particularly the manner in which appellant obtained such possession, viz., that he took possession under an arrangement to purchase, which he afterwards refused to carry out, and then after notice served by appellees of their rescission of the contract and demand for the premises, appellant wrongfully refused to surrender possession.

To this paragraph there was filed a demurrer for want of facts accompanied by a memorandum which enumerated the following among others as defects in such complaint: "(e) The complaint does not allege that plaintiffs are entitled to the possession of the premises described therein." This demurrer was overruled and appellant answered in general denial. The cause was tried by jury and a verdict returned in favor of appellees as follows: (omitting caption) "'We, the jury find for the plaintiffs that they were at the beginning of this case the owners of *and entitled to the possession* of the property described in the complaint, -to wit:—(here follows description). That the defendant at the commencement of this action wrongfully withheld the possession of said property and we assess the amount of plaintiffs' damages at the sum of $100.00. T. B. Hedges, Foreman."

Appellant filed his motion in arrest of judgment. While this motion was pending, appellees filed their motion to amend their complaint which in so far as it affects the question herein considered is as follows: "Come now the plaintiffs and move the court for permission to make the following amendments to the first paragraph of the complaint,

to conform the pleadings to the facts proved, which amendment does not substantially change the claim or defense to the action herein. That they be permitted to insert after the word 'of' in line 14 of the first paragraph of the complaint, the words: 'and entitled to the possession of.' * * * And that they be permitted to insert after the word 'same' in line 46 of 2d paragraph of complaint the following, 'That plaintiffs are the owners of and entitled to the possession of the lands herein above described.' That the same amendment will conform the pleadings to the facts proved, and do not substantially change the claim or defense of this action.'' The court sustained the motion as to the first paragraph of the complaint to which ruling appellant reserved an exception, and overruled it as to the second paragraph. The court then overruled appellant's motion in arrest, to which ruling appellant also reserved an exception. A motion for a new trial was overruled, and judgment rendered on the verdict.

The errors assigned and relied on for reversal are as follows: (1) The court erred in overruling appellant's demurrer to the second paragraph of complaint. (2) The court erred in overruling appellant's motion in arrest of judgment. (3) The court erred in permitting appellees to amend the complaint after verdict, and pending appellant's motion in arrest of judgment. (4) The first paragraph of appellees' complaint does not state a cause of action. (5) The second paragraph of appellee's complaint does not state a cause of action.

In determining wnether error was committed by the ruling on the demurrer to the second paragraph of complaint we look only to the specific objections made in the

1. memorandum accompanying the demurrer (Stiles v. Hasler [1914], 56 Ind. App. 88, 104 N. E. 878) ; and, as to such objections, we will consider only those pointed out in appellant's brief and relied on in this court, all others being deemed waived.

The only objection here urged against this paragraph is that it does "not allege that plaintiffs (appellees) were entitled to the possession of the premises described therein." The statute provides in such actions what the contents of the complaint shall be, viz., "The plaintiff in his complaint shall state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession." §1100 Burns 1914, §1054 R. S. 1881. It has been held that a complaint is sufficient if it states in substance the requirements of the statute. *Knight* v. *McDonald* (1871), 37 Ind. 463; *Smith* v. *Kyler* (1881), 74 Ind. 575; *Blake* v. *Minker* (1894), 136 Ind. 418, 36 N. E. 246. It was, however, expressly held by the Supreme Court in the case of *Pittsburgh, etc., R. Co.* v. *O'Brien* (1895), 142 Ind. 218, 222, 41 N. E. 328, that the averment in question is "indispensably necessary * * * in the complaint to make it good". The averments of this paragraph of complaint, under consideration, were such as to, at least, warrant, if not necessitate, the inference that appellees were entitled to the possession of the real estate involved, and, under some of the more recent cases of the Supreme Court, such averments were probably sufficient to render such paragraph good as against said objection; but, be this as it may, for the reasons hereinafter indicated, the ruling on said demurrer even if erroneous, was harmless and hence can afford appellant no ground for a reversal of the judgment below.

It is next insisted that the court erred in overruling appellant's motion in arrest of judgment. As this motion was not ruled on until after the amendment was made to the first paragraph, which ruling constitutes the third error assigned, we will first consider the action of the court in permitting such amendment. The verdict was rendered October 12, 1912, and leave to amend the first paragraph of complaint was not granted until November 18,

1912, long after the jury had been discharged. Section 400 Burns 1914, §391 R. S. 1881, provides: "No variance between the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. * * *" Section 405 Burns 1914, §396 R. S. 1881, provides: "The court may, at any time, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, direct the name of any party to be added or struck out; a mistake in the name, description, or legal effect, or in any other respect, to be corrected; any material allegation to be inserted, struck out, or modified—to conform the pleadings to the facts proved, when the amendment does not substantially change the claim or defense. * * *"

As shown by the motion to amend, and not controverted by appellant, the amendment asked was not to include in the complaint averments outside of the proof, but was to include averments necessary to make the complaint conform to the proof. The evidence is not in the record, and no question affecting its admission is before the court. Under such a state of the record, this court will assume that there was evidence properly before the court which justified the amendment on the grounds stated in appellees' motion. In *Raymond* v. *Wathen* (1895), 142 Ind. 367, 372, 373, 41 N. E. 815, the Supreme Court in discussing the question here. involved, said: "Appellants have assigned and urged as error the action of the court in permitting the amendment of the complaint after the verdict, by inserting therein the omitted averment relative to the disaffirmance of the deed. * * * Appellants' contention is, that by this amendment an important and entirely new issue was presented, and that they were entitled to notice thereof, before trial, in order that they might be prepared to meet it with proof. By section 399 R. S. 1894, section 396 R. S. 1881, discretionary power is lodged in the trial court to allow a party 'at

any time' to amend his pleading by inserting any material allegation, etc., 'to conform the pleadings to the facts proved, when the amendment does not substantially change the claim or defense'. These words 'at any time' as embraced in this section have a broad meaning, and this clause has been, and may in reason be construed, to permit the amendment in furtherance of justice to be made upon a proper showing after verdict, but before the final judgment. At common law the court had power, in the furtherance of justice, to allow amendments to be made after verdict, until final judgment, and it is not reasonable to suppose that the code intended to restrict this power. * * * The amendment did not substantially change the claim or issue in the case. *It resulted in adding only to the complaint a material averment to conform it to the evidence. The record does not disclose that the appellants were in any way deceived by the amendment, or prejudiced in their rights thereby. No proof was made or offered by them tending to show that they were in any manner misled or prejudiced by this action of the court.* Under such circumstances it is settled that the complaining party can not be successfully heard in this court relative to the ruling in permitting the amendment. * * * There is no available error in allowing the amendment in question. The broad rule laid down in the case of *Heddens* v. *Younglove* [1874], 46 Ind. 212, to the effect that the court possesses no power to permit an amendment to be made after verdict, is not tenable, and that decision must be held to be overruled to that extent.'' See also cases cited. To the same effect, see *Burr* v. *Mendenhall* (1875), 49 Ind. 496, 498, 500. In the instant case no proof was made or offered by appellant to show that he was harmed or in any manner misled or prejudiced by the action of the court in permitting the amendment. Under such circumstances it is settled that error predicated on such ruling can be of no avail on appeal. *Raymond* v. *Wathen, supra; Burr* v. *Mendenhall, supra; Louisville, etc.,*

*Traction Co.* v. *Lloyd* (1915), *ante* 39, 105 N. E. 519, and cases cited; *Child* v. *Swain* (1879), 69 Ind. 230, 238, and cases cited; *Stanton* v. *Kenrick* (1893), 135 Ind. 382, 388, 35 N. E. 19; *Baxter* v. *Baxter* (1910), 46 Ind. App. 514, 519, 92 N. E. 881, 1039, and cases cited; *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 655, 70 N. E. 985, and cases cited.

Going back to appellant's second assigned error, we think it proper to say that since the amendment of §§344, 348 Burns 1908, by the act of 1911 (Acts 1911 p. 415, §§344, 348 Burns 1914), it is very doubtful whether any question affecting the sufficiency of a complaint is presented by a motion in arrest of judgment. However, for the purposes of the instant case we need not and do not decide such question. It is sufficient to say that, in this case, any defect in the first paragraph of complaint was cured by its amendment and a motion in arrest must challenge the complaint as a whole and "will not be available if in the complaint there is one good paragraph". *Branch* v. *Faust* (1888), 115 Ind. 464, 465, 17 N. E. 898; *Kelsey* v. *Henry* (1874), 48 Ind. 37, 38; *Badeley* v. *Patterson* (1881), 78 Ind. 157, 159; *Spahr* v. *Nicklaus* (1875), 51 Ind. 221, 223; *Lange* v. *Dammier* (1889), 119 Ind. 567, 570, 21 N. E. 749; *McGuffin* v. *Lenfesty* (1915), 57 Ind. App. 475, 107 N. E. 475.

The fourth and fifth assigned errors are not available since the amendment of §§344, 348, *supra,* and are not sufficient under the law prior to such amendment because they challenge separate paragraphs of the complaint instead of challenging the complaint as an entirety.

This disposes of all the questions presented by appellant, except that we indicated above that we would show that the ruling on the demurrer to the second paragraph of complaint, if erroneous, was rendered harmless. We think that this must appear from what has gone

before, but we desire to make clear our reasons for such statement. As stated before, the only objection urged to such paragraph is that it omits the averment that appellees were entitled to the possession of the real estate in question. The trial court permitted the amendment of the first paragraph by the insertion of this averment. The motion to amend in such respect applied to both paragraphs alike, and if we are correct in our conclusion that the amendment of the first paragraph was proper, it would necessarily follow that the trial court might have also permitted the same amendment of the second paragraph, if it deemed such amendment necessary to uphold the verdict of the jury, and, under such a state of the record, this court would treat such amendment as extending to both paragraphs of the complaint, if it were necessary so to do to uphold the judgment on appeal. §§405, 700 Burns 1914, §§396, 658 R. S. 1881; *Driscoll* v. *Penrod* (1911), 176 Ind. 19, 25, 95 N. E. 313; *Louisville, etc., Traction Co.* v. *Lottich* (1915), 59 Ind. App. —, 106 N. E. 903, and cases cited; *Chicago, etc., R. Co.* v. *Gorman* (1915), *ante* 381, 106 N. E. 897. However, the amendment which the trial court permitted was all that was necessary. From what we have indicated before as to the contents of each of these paragraphs, it will be observed that the only difference between them is that the first paragraph contains a general averment of ownership of the real estate and a general averment that appellant unlawfully holds possession thereof, while the second paragraph contains specific averments showing the source of appellee's title, and specific averments showing the particular manner in which appellant obtained his possession of the real estate. The first paragraph, on account of the general or comprehensive character of its averments would permit any proper evidence showing ownership of the real estate and any proper evidence showing an unlawful possession by appellant. This, however, is not true as to the second paragraph, but any evidence which would support it would also sup-

port the first paragraph, and any verdict that could be properly based on the second paragraph, if it had been amended, could likewise rest on the first paragraph and hence there was no necessity or occasion to do more than permit the amendment of the first paragraph.

It will be observed that the jury by its general verdict, above set out, expressly found that appellees were *entitled to the possession* of the real estate. The record therefore affirmatively shows, not only that a verdict returned on the second paragraph of complaint, if it had been amended as before indicated, could also rest on the first paragraph, but it also affirmatively shows that the jury in its general verdict found that appellees were entitled to possession of the real estate and that the court permitted the amendment of the first paragraph of complaint so as to conform the pleadings to the facts proved supporting such a finding. It is therefore manifest from the record that both the verdict and the judgment may and in fact do rest on the first paragraph of complaint as amended. It follows that appellant has not been harmed by the ruling on the demurrer to the second paragraph. In the case of *Cincinnati, etc., R. Co.* v. *Cregor* (1898), 150 Ind. 625, 627, 50 N. E. 760, the Supreme Court said: ''It is conceded by appellant that the first and fourth paragraphs of complaint are sufficient; and as the facts found in the special verdict are applicable to, and within, the issues joined on these paragraphs, the error, if any, in overruling the demurrer to the second and third paragraphs, was harmless.'' To the same effect, see, *Glass* v. *Murphy* (1892), 4 Ind. App. 530, 31 N. E. 545; *Hill* v. *Pollard* (1892), 132 Ind. 588, 592, 32 N. E. 564; *Miller* v. *Rapp* (1893), 135 Ind. 614, 34 N. E. 981, 35 N. E. 693; *Lime City Bldg., etc., Assn.* v. *Black* (1894), 136 Ind. 544, 35 N. E. 829; *Robinson* v. *Dickey* (1896), 143 Ind. 205, 206, 42 N. E. 679, 52 Am. St. 417; *Marvin* v. *Sager* (1896), 145 Ind. 261, 44 N. E. 310; *Lowry* v. *Downey* (1898), 150 Ind. 364, 365, 50 N. E. 79; *Pittsburgh, etc., R. Co.* v. *Moore*

(1899), 152 Ind. 345, 53 N. E. 290, 44 L. R. A. 638; *Gunder v. Tibbits* (1899), 153 Ind. 591, 55 N. E. 762; *Springfield Engine, etc., Co.* v. *Kennedy* (1893), 7 Ind. App. 502, 505, 34 N. E. 856; *Baldwin* v. *Hutchison* (1893), 8 Ind. App. 454, 455, 35 N. E. 711; *Laughery Turnpike Co.* v. *McCreary* (1897), 147 Ind. 526, 529, 46 N. E. 906; *Knight* v. *Knight* (1893), 6 Ind. App. 268, 33 N. E. 456.

We find no reversible error in the record and the judgment is therefore affirmed.

NOTE.—Reported in 108 N. E. 602. See, also, under (1) 2 Cyc. 1014; 3 Cyc. 388; (2) 31 Cyc. 358; (3) 31 Cyc. 454; 15 Cyc. 110; 3 Cyc. 291; (4) 3 Cyc. 275; (5) 23 Cyc. 829; (6) 2 Cyc. 989.