## NEEDHAM ET AL. v. PROFFITT

[No. 27,639. Filed May 12, 1942. Rehearing denied June 3, 1942.]

*George N. Beamer*, Attorney General, *Francis Hamilton*, Deputy Attorney General, *W. J. Sprow*, of Crawfordsville, and *W. H. Thompson, Perry E. O'Neal*, and *Patrick J. Smith*, all of Indianapolis, for appellants.

*Charles W. Symmes, Frank A. Symmes*, and *Owen S. Boling*, all of Indianapolis, and *Walter W. Spencer*, of Crawfordsville, for appellee.

SHAKE, C. J.—On August 24, 1940 the appellee a licensed funeral director and embalmer under the laws of Indiana caused the following advertisement to be published in the Crawfordsville Journal and Review:

### "WHO'S WHO?

"Who has kept abreast the times and brought to Crawfordsville the finest funeral home, equipment, services and guaranteed prices?

"Thanks to those who appreciate progressiveness, enabling outstanding achievements in different lines of endeavors, that sets our city out as modern.

"FOR EXAMPLE—Solid oak casket, cement vault, suit or dress, embalming services, hearse, music and use of funeral home as requested, $285.

"MODERN AMBULANCE SERVICE
Phone 140

"PROFFITT & SONS
Associate Funeral Home, 3040 N. Illinois
St. Indianapolis, in Charge of
"H. W. Proffitt"

By reason of said publication the appellee was charged before the State Board of Embalmers and Funeral Directors with violating the following provision contained in § 6, ch. 165, Acts 1939:

"It shall be unlawful for any individual or individuals so licensed (as funeral directors or embalmers) to advertise the price of services, merchandise and equipment to the public or to advertise any portion thereof as being offered free to the public. By advertising is meant any form of printed matter, newspaper or otherwise, holding out such facts to the public." § 63-722, Burns' 1933 (Supp.), § 7458-6, Baldwin's Supp. 1939.

After a hearing the State board revoked the appellee's licenses, and he obtained a review of the order of revocation in the court below. The trial court ordered the appellee's licenses to be reinstated. The board has appealed assigning: (1) That the court below erred in permitting the appellee to amend his complaint; and (2) that the decision was contrary to law.

The original complaint charged merely that § 6 of chapter 165, Acts 1939, was "in violation of the Constitution of the United States of America and in violation of the Constitution of the State of Indiana, and is wholly void." After the evidence had been heard and while the court had the case under advisement, the appellee asked leave to amend his complaint by interlineation to show that the statute under attack violated the Fifth Amendment and § 1 of the

Fourteenth Amendment to the Federal Constitution and § 1, § 9, and § 21 of Article 1 of the State Constitution. The complaint was so amended over objections, whereupon the appellants moved to dismiss the action on the ground that the amended complaint constituted a new proceeding not commenced within 30 days after the revocation of the appellee's licenses by the State board as required by § 11 of the act. § 63-727, Burns' 1933 (Supp.). § 7458-11 Baldwin's Supp. 1939. The appellants asserted in the memorandum attached to their motion to dismiss that the amendments presented an issue of law and not of fact. They did not ask that the submission be set aside or the issues reopened. The matter of permitting amendments to pleadings is largely in the discretion of the trial court and will only be disturbed on a showing of abuse or injury to the complaining party. No reversible error has been shown in this regard. *Raymond et al.* v. *Wathen et al.* (1895), 142 Ind. 367, 41 N. E. 815.

The appellants take the position that in this State embalming and funeral directing are professions of a public or *quasi* public nature; that such professions are subject to regulation and control under the police power; and that a statute prohibiting those engaged in such professions from advertising the price of services, merchandise, and equipment or advertising any part thereof as free is not unreasonable. On the other hand, the appellee asserts that the regulation does not bear any rational relationship to the ends sought to be attained by the act of which it is a part; that it interferes with the constitutional guaranties respecting the rights of free expression; and that it discriminates against a single medium of advertising. The proposition last stated is also urged by counsel for the Hoosier

State Press Association, who by permission of this court has filed a brief as *amicus curiae*.

Without passing upon the other questions duly presented we shall consider the proposition to the effect that § 6 unlawfully discriminates against newspaper advertising. If the statute was an old one the prohibition against advertising by means of the printed word without restricting the right to advertise by other means might be understood, even if it could not be justified, upon the theory that science has since overtaken the lawmakers; but we cannot close our eyes to the fact that in 1939 when this statute was enacted the radio had already come into general use in the advertising field. We are unable to conceive of any possible reason for prohibiting licensed funeral directors and embalmers from advertising their prices in newspapers or by handbills and at the same time permitting them to broadcast the same facts to the public by radio. Such a result constitutes a direct violation of § 23 of Article 1 of the Constitution of Indiana, which forbids the General Assembly from granting to any citizen or class of citizens privileges or immunities which, upon the same terms, shall not equally belong to all citizens. For the same reason the act violates § 1 and § 9 of Article 1 of the State Constitution.

A case in point is *People* v. *Osborne* (1936), 17 Cal. App. (2d) 771, 773, 776. 59 P. (2d) 1083, 1084, 1086. The court there had under consideration the validity of a municipal ordinance regulating barbering, § 4 of which was as follows:

> "Prices of services shall not be advertised in any publication, handbill or notice whatsoever. Price lists may be displayed in any barber shop but shall be so displayed as not to be visible from outside the shop. No advertising of prices shall be allowed on

windows or on the outside of buildings or on the street or sidewalk."

The court said:

"Apparently by the ordinance under consideration neither telephone nor radio advertising of prices is prohibited and the prerogative of oral solicitation remains unimpaired. It does not appear that the acquirement of knowledge by a customer before he enters a barber shop of the price he is to be required to pay for services therein is detrimental to the morals or general welfare of the barber, the customer or the public at large. Yet written or printed advertising of prices of services 'in any publication, handbill or notice whatsoever' is absolutely prohibited, and any price list inside the shop must be so displayed as not to be visible from outside the shop. The only apparent purpose of such provisions is to make it necessary for a prospective customer to advance so far within the portals of a barber shop, before learning the prices to be charged him therein for the work he desires, as to discourage him from a departure should those prices seem to him more than he should pay. Such an object would be as distasteful to the many fair-minded barbers as it would be to timid customers. It is not in complete accord with those ethical and honest concepts of freedom and fair dealing in contracts underlying American institutions and is repugnant to, rather than within, the police power. A classification based on the possibility of seeing a price list while outside the shop rests on no natural, constitutional or intrinsic distinction justifying it and is arbitrary and void. Likewise so far as advertising the price of a given service or commodity is concerned, there being involved in the distinction itself no question of public welfare, we see no rational ground for discriminating between the senses and prohibiting the dissemination by visual means of that information which orally may be communicated. Advertising in various ways has been from time to time the subject of regulatory legislation under the police power, but absolute prohibition, irrespective of considerations of public welfare, of printed adver-

tising of prices of services or commodities which may lawfully be offered for sale, and which may be legally advertised otherwise than visually, has no constitutional justification."

That part of § 6, chapter 165, Acts 1939, quoted above is void.

The judgment is affirmed.

NOTE.—Reported in 41 N. E. (2d) 606.