**Russell BENKE, Appellant (Defendant Below),**

v.

**Karen J. BARBOUR, Appellee (Plaintiff Below).**

No. 1–1282A361.

Court of Appeals of Indiana, First District.

June 29, 1983.

Joan Godlove, Bamberger, Foreman, Oswald & Hahn, Evansville, for appellant.

---

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellee.

ROBERTSON, Presiding Judge.

This is an appeal from a negligence action arising out of an automobile accident which occurred on October 15, 1978, resulting in damage to the vehicle and injury to its operator. Appellant-defendant, Russell Benke (Benke), appeals the decision of the trial court granting appellee-plaintiff, Karen Barbour's (Barbour), motion to correct errors and ordering the parties to appear and set the cause for trial.

We affirm.

On October 14, 1980, Robert Bales filed a complaint seeking compensatory damages for personal injuries and property damage received during a collision with another car driven by Russell Benke. On March 16, 1981, Benke filed his answer denying each of the averments in Bales's complaint. On October 30, 1981, Bales petitioned the trial court for leave to file an amended complaint adding his mother, Karen Barbour, as a party plaintiff. She was the owner of the vehicle driven by Bales and thus, was the proper party to litigate the property damage claim arising out of the accident. Bales's petition was granted on November 20, 1981, over Benke's objection.

On January 7, 1982, the plaintiffs filed their amended complaint. Prior to this, Bales executed a release for all claims against Benke. Benke filed a motion to dismiss pursuant to the Indiana Rules of Procedure, Trial Rule 12(B)(6) raising the defenses of release and the statute of limitations found in Ind.Code 34–1–2–2.[1] On June 28, 1982, the trial court sustained Benke's motion and entered an order dismissing the amended complaint. Barbour and Bales then filed a motion to reconsider. In this motion, Bales conceded the correctness of the ruling as to his personal injury claim. On July 13, 1982, the trial judge

reaffirmed his earlier ruling and entered judgment in favor of Benke. Barbour then filed a motion to correct errors. In her motion, she argued that because the trial court granted the petition to amend the complaint, her claim relates back to the date on which the original complaint was filed. She also argued that because Benke did not attack the ruling, it became the "law of the case" and precluded the judge from dismissing her property damage claim on the grounds that it was barred. Finally, she reasoned that because her claim arose out of the same conduct and transaction as the original complaint, because Benke received notice of the action, and because there was a "mistake" in not naming her as plaintiff, the provisions of Trial Rule 15(C) regarding the relation back of amendments had been satisfied. The trial court granted Barbour's motion to correct errors and ordered the parties to appear and set the cause for trial.

The dispositive issue in the case is whether the trial court erred in granting Barbour's motion to correct errors and determining that the amended complaint relates back to the date of the original pleading. Indiana courts have recognized that the underlying philosophy of the rules of procedure is to facilitate decisions on the merits and to avoid pleading traps. *Klingbeil Company v. Ric-Wil, Inc.,* (1982) Ind.App., 436 N.E.2d 843. More specifically, in *Chrysler Corporation v. Alumbaugh,* (1976) 168 Ind.App. 363, 342 N.E.2d 908, 913, this court found that:

> This purpose is not furthered by giving Rule 15 lip service rather than full fealty. Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed. (Citations omitted).

[1.] This court in *Lamberson v. Crouse,* (1982) Ind.App., 436 N.E.2d 104, held that a T.R. 12(B)(6) motion is an inappropriate vehicle to determine the issue of whether an amended complaint which added a party defendant related back to the date of the original complaint for purposes of the statute of limitations. In spite of this holding, we choose to deal with the issue presented in this case on the merits.

Trial Rule 15(C) provides in pertinent part:

Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The Advisory Committee's Note to F.R.C.P. Rule 15, identical to the Indiana Rule, explains further:

The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(C) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(C) toward change of defendants extends by analogy to amendments changing plaintiffs.

39 F.R.D. 83–84 (1966).

Some Indiana decisions have refused to apply T.R. 15(C) to an amendment which substituted or added a new party to those included in the original complaint, while other decisions have allowed relation back under certain circumstances. *See, Gibson v. Miami Valley Milk Producers, Inc.,* (1973) Ind.App., 157 Ind.App. 218, 299 N.E.2d 631; *Bowling v. Holdeman,* (1980) Ind.App., 413 N.E.2d 1010; *Parsley v. Waverly Concrete and Gravel Co.,* (1981) Ind.App., 427 N.E.2d 1; *Lamberson v. Crouse,* (1982) Ind.App., 436 N.E.2d 104. The rationale behind the decisions denying relation back is that the bringing in of new parties constitutes a new cause of action which, if allowed to relate back, will deny a party the statute of limitation defense.

A review of federal case law indicates a more liberal interpretation of F.R.C.P. 15(C). *See,* 3 Moore, Federal Practice, par. 15.15. The Advisory Committee's Note to F.R.C.P. Rule 15, 39 F.R.D. 82–84 (1966). One Indiana case allowing relation back under 15(C) is *Young v. Noble Circuit Court,* (1975) 263 Ind. 353, 332 N.E.2d 99. The court in that case recognized that "the primary purpose of a statute of limitations is to insure that parties are given formal and reasonable notice that a claim is being asserted against them ...." *Id.* at 103. Quoting *Meredith v. United Air Lines,* (S.D. Cal.1966) 41 F.R.D. 34, 41, the court went on to conclude that:

... all of them rest on essential considerations of fairness and represent holdings that a new defendant may be brought into the case after the statute has run against him, if under all of the circumstances it is [sic] fair to do so.

In the case at bar, the amendment substituting the proper plaintiff clearly related to the same transaction which was the subject of the original complaint. There is also no question that the defendant-Benke had notice that a personal-injury claim as well as a property claim was being asserted against him. Examination of the two complaints shows that they were identical except for the substitution of Barbour as the plaintiff in the property damage claim.

There is also no indication that the omission of the proper party plaintiff in this action was anything other than a mistake. As stated previously, the policy of the rule is to facilitate decisions on the merits. "Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed..." 39 F.R.D. 85 (citations omitted).

■ Generally speaking, the matter of permitting amendments to pleadings is largely within the trial court's discretion and its decision will only be disturbed on

showing of an abuse or injury to the complaining party. *Needham v. Proffitt,* (1942) Ind., 220 Ind. 265, 41 N.E.2d 606. It is significant to note that this case involves substitution of a plaintiff as opposed to a defendant. The defendant, Benke, is the complaining party. As pointed out earlier, Benke was put on notice of the pending claims against him. Although the substitution here involved entirely new parties, this is not a situation where an individual is brought into a lawsuit at the last minute and expected to defend on the merits. In light of these facts, it is difficult to see how Benke could have been injured or prejudiced in any way.

Additional support for permitting Barbour's claim to relate back is found in T.R. 17(A). T.R. 17(A) states that:

> [n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time ... has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action.

As stated in the Advisory Committee's Notes, the modern function of T.R. 17(A) is to "prevent forfeiture and injustice". 39 F.R.D. 85. Applying the principles of T.R. 15(C) and T.R. 17(A) as well as the reasoning found in *Young v. Noble Circuit Court, supra,* we find that under the circumstances of this case, the amended complaint should relate back to the time of the original complaint. Thus, the judgment of the trial court is affirmed and the parties are ordered to appear and set the cause for trial.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.