## DIETRICH v. MINAS.

[No. 8,754. Filed October 27, 1915. Rehearing denied February 18, 1916. Transfer Denied March 17, 1916.]

1. APPEAL.—*Assignment of Errors.—Demurrer to Supplemental Complaint.*—An assignment of error in overruling a demurrer to a supplemental complaint presents no question for review. p. 339.

2. APPEAL.—*Review.—Harmless Error.—Supplemental Complaint.—Demurrer.*—Even if the action of the trial court in permitting the filing of a supplemental complaint, and in overruling a demurrer thereto, was erroneous, it was harmless in view of the fact that verdict and judgment were upon a second or additional paragraph of complaint. p. 339.

3. APPEAL.—*Review.—Amendments Pending Trial.*—A judgment on a verdict directed on a second or additional paragraph of complaint, which plaintiff was permitted to file at the close of the evidence, will not be reversed for alleged error in allowing such amendment, where the record discloses that defendant merely objected and made no showing that he was prejudiced thereby, since it must be presumed that the amendment was permitted to conform to the evidence. p. 339.

4. APPEAL.—*Questions Reviewable.—Ruling on Demurrer.—Record.*—No question is presented on the overruling of a demurrer where such demurrer is not in the record. p. 341.

5. APPEAL.—*Questions Reviewable.—Directing Verdict.—Record.*—A consideration of the correctness of an instruction directing a verdict for plaintiff requires an examination of both the issues and the evidence; hence, the question of alleged error in the giving of such an instruction was not properly before the court, where neither the evidence, nor the defendant's answer to the paragraph of complaint on which the verdict rested, was in the record. p. 341.

6. EXCEPTIONS, BILL OF.—*Time for Filing.*—*"Reëxtension".*— Under §661 Burns 1914, Acts 1911 p. 193, providing for the extension of time for filing a bill of exceptions, the granting of time beyond the term is in fact one extension of the time, and the word "reëxtension" as used in the statute applies to and is limited to the first extension obtained as after the extension beyond the term; hence a bill of exceptions not filed within the time as thus limited is not a part of the record on appeal. p. 342.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Edward C. Minas against Fred C. Dietrich. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John M. Stinson* and *Walter J. Fabing,* for appellant.

*L. T. Meyer,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor for damages for the detention of real estate. The action was begun February 14, 1911, before a justice of the peace in Lake County, in which court there was a trial by the justice resulting in a decision and judgment for appellee—that he have possession of the premises and $27.50 damages and that he recover costs of the action. From this judgment appellant appealed to the Lake Superior Court, from which court this cause, on application of appellant, was venued to the Porter Superior Court. In the latter court appellee, on September 9, 1912, filed a supplemental complaint showing that on August 31, 1911, appellant had vacated the premises, and asking for damages for the detention thereof in the sum of $1,000. Appellant filed an answer and cross-complaint, neither of which is set out in the record, it being stated therein that after diligent search such pleadings could not be found. On the issues thus tendered, there was a trial by jury and, at the conclusion of the evidence,

appellee, over appellant's objection, was permitted to file a second or additional paragraph of complaint. A demurrer thereto was overruled and appellant then filed an answer thereto. The record shows that neither such demurrer nor answer could be found after diligent search and for this reason, they are not set out. Thereupon the jury was resworn and peremptorily instructed by the court to return a verdict for appellee on his additional paragraph of complaint in the sum of $775. Pursuant to this instruction, a verdict based on said paragraph for said amount was returned by the jury, on which the court rendered judgment for appellee for $775 damages and gave appellant judgment for all costs up to and including the date of the judgment, it being stated in the judgment that the costs were taxed to the plaintiff because of the fact that he "had been permitted to open up the pleadings and file an additional paragraph of complaint."

On October 4, 1912, being the nineteenth judicial day of the September term of said court, appellant filed a motion for new trial which was overruled, and appellant was then given 90 days' time in which to present and file his bill of exceptions containing the evidence. An entry of court of date of February 4, 1913, being the fourth judicial day of the February term, 1913, of the court shows the filing of an affidavit sworn to by one of appellant's attorneys. This affidavit is set out in said entry and shows the date of the overruling of the motion for new trial and recites that appellant was given 90 days in which to file his bill of exceptions containing the evidence; that afterwards, to wit, on December 31, 1912, upon proper showing of the service of notice on appellee, appellant moved the court, in vacation, to extend said time for filing his bill of exceptions for the reason that the

court reporter was unable to prepare and furnish a transcript of the evidence in said cause within the time given; that such motion was sustained by the court and the time for filing such bill was extended to February 5, 1913. Such affidavit then further shows that the court reporter will not be able to prepare and furnish such bill within the extended time, to wit, by February 5, 1913; that notice of the application for further extension had been served on appellant, a copy of which is attached to the affidavit. The affidavit closes with a request for a "reasonable reëxtension of the time in which to file such bill". Said record entry then sets out the notice to appellee of said application for reëxtension and shows an appearance thereto by appellee's attorney, and the filing of an affidavit in opposition thereto, which affidavit is not set out in such entry because, as stated therein, it was not found after diligent search. The entry then recites that the court, after considering said application and the appellee's affidavit in opposition thereto, "sustains the motion of plaintiff and he is given ten days' time in which to file his bill of exceptions therein."

The next entry shown by the record is of date April 10, 1913, and shows that the defendant by his counsel files his general bill of exceptions containing the evidence "which general bill is in these words": Then follows what purports to be such bill.

At the close of the evidence and immediately following the words, "and this was all the evidence offered and introduced in the trial of said cause", is the certificate of Walter P. Harrold, official reporter of the Porter Superior Court, dated February 13, 1913, and on the same page written in ink are the words, "Filed Feby. 13th, 1913, G. E. Barnhold, Clerk Porter Superior Court". On the

following page is the certificate of such clerk that the transcript of the evidence in the foregoing cause made by the official reporter was filed in his office on February 13, 1913. Immediately following this certificate but on the next page which is No. 141 of the record is the certificate of the judge of said court bearing date of February 13, 1913, and showing the presentation to him of the reporter's longhand manuscript of the evidence as and for the bill of exceptions in said cause and showing that such judge not then having time to examine carefully and fully such bill retains it and takes it under advisement for further consideration and approval. Immediately following this certificate and on the next page, which is without a number and between pages 141 and 142, is the following certificate signed by said judge: "State of Indiana, County of Porter, ss: In the Porter Superior Court. Edward C. Minas vs. Fred C. Diedrich. And now the defendant, Fred C. Diedrich, here presents this, the reporter's longhand transcript of the evidence in the above entitled cause, which also sets out the objections of counsel, rulings of the court thereon, to the judge of the Porter Superior Court, and now prays that the same may be examined, approved, signed, sealed and made a part of the record in the said above entitled cause as a bill of exceptions, and the court having heretofore in vacation, on the 31st day of December, 1912, for good cause shown, extended the time for filing said bill until the 5th day of February, 1913, which extension of time was given before the expiration of the 90 days originally granted for the presentation and filing of said bill, as shown by the records of this court, which time was later reëxtended for a further period of ten days, and the undersigned judge not now having

time to carefully and fully examine said bill of exceptions, does now retain the same and take it under advisement for further examination and approval this the 29th day of September, 1913." The record shows that the date of said certificate as originally typewritten was changed, viz., the figures "29", *supra*, are written in ink over the typewritten figures "13", and the word "September", *supra*, is written in ink above the typewritten word "February", which has a line through it striking it out. Immediately following this certificate and on page 142 of the record is the following certificate: "State of Indiana, County of Porter, ss: In the Porter Superior Court. Edward C. Minas vs. Fred C. Diedrich. And now the court having fully examined the said above bill of exceptions, does now certify the same to be a full, true and complete transcript and record of all that was said and done on the trial of said cause and that it correctly sets forth and contains all of the evidence given in the trial of said cause and the objections and exceptions of counsel and rulings of the court thereon, and the evidence above set forth was all the evidence given in the trial of said cause, and the same is now approved, signed, sealed and ordered made a part of the record as defendant's bill of exceptions No. — all of which is done, this 10th day of April, 1913. (Signed) Harry B. Tuthill, Judge Porter Superior Court. Presented February 13th, 1913. H. B. Tuthill, Judge."

The errors assigned in this court are as follows: (1) Error in overruling the objection of the appellant and permitting appellee to file his supplemental complaint; (2) error in overruling appellant's demurrer to the supplemental complaint; (3) error in permitting "appellee, over the objection of appellant, to file an additional or second paragraph of

complaint, at the close of the evidence in said cause";
(4) error in overruling appellant's demurrer to said
second or additional paragraph of complaint; and
(5) error in overruling appellant's motion for a new
trial.

As to the second assigned error it is sufficient to
say that it is based on the ruling on a demurrer to a
supplemental complaint and hence presents no
1.   question to this court for review.  *Farris* v.
     *Jones* (1887), 112 Ind. 498, 500, 14 N. E.
     484; *State, ex rel.* v. *Board, etc.* (1908), 170
2.   Ind. 133, 137, 83 N. E. 83, and cases cited.

It may be further said as to such assigned error
and also as to the first assigned error that even if
the court had erroneously permitted the filing of a
supplemental complaint and erroneously overruled
a demurrer properly addressed to the complaint as
supplemented, and appellant had properly assigned
such rulings as error in this court, such rulings would
be of no avail because the record affirmatively shows
that the trial court by its peremptory instruction
expressly required the jury to base its verdict on the
second or additional paragraph of complaint and
that a verdict was returned and judgment ren-
dered accordingly.   It necessarily follows that
error, if any, resulting from any rulings on the other
paragraphs of complaint was rendered harmless.
*Gregory* v. *Arms* (1911), 48 Ind. App. 562, 582, 96
N. E. 196; *Model Automobile Co.* v. *Sterling* (1912),
51 Ind. App. 78, 87, 99 N. E. 51.

We next consider the third assigned error.   The
second, or additional paragraph of complaint dif-
fered from the original in that it was based on
3.   a written lease of the real estate involved,
     which lease was entered into between appel-
lant and appellee's remote grantor.   This lease pro-
vided, among other things, that appellant was to

have possession of the property for a period of five years from February 1, 1906, at a monthly rental of $50 and that in case appellant, at the expiration of the lease, failed to vacate the property and deliver up the possession, he should pay, as liquidated damages for such failure, double the rent specified in such contract during the time of such continued possession and that, in case suit for possession was instituted, appellant should also pay attorney's fees therefor. The verdict directed by the peremptory instruction seems to have been for the rent then due estimated at $100 a month, plus an attorney's fee agreed on by the parties as a reasonable fee. The statute on the subject of amendments to pleadings (§§403, 405 Burns 1914, §§394, 396 R. S. 1881) is very liberal, and, in the absence of a showing to the contrary, this court will assume in favor of the action of the trial court that the written contract on which said second paragraph of complaint was based had been offered and given in evidence, and that the amendment was permitted to conform to the evidence. The record, as above indicated, affirmatively shows that the trial court, when it permitted the amendment and because thereof, adjudged all costs up to and including the date of the judgment against appellee. Appellant did nothing more than object to the amendment, and after it was granted proceeded with the making up of the issues, and neither before, nor after, the filing of such paragraph made any showing of any kind that he would be, or was, harmed or prejudiced in any way by the amendment. Under such a state of the record, said ruling of the court furnishes no ground for reversal of the judgment below. *Laramore* v. *Blumenthal* (1915), 58 Ind. App. 597, 108 N. E. 602, and cases cited.

While no question is raised as to the amount of

the judgment rendered by the Porter Superior Court being in excess of the amount of jurisdiction given to justices of the peace under §1721 Burns 1914, §1433 R. S. 1881, yet we deem it proper to say in this connection that it clearly appears from the record that the amount of rent sued for and due appellee at the time he filed his action before the justice of the peace was an amount within the jurisdiction of such court, and that the judgment of the superior court for an amount in excess of such jurisdiction resulted from rents that accumulated and became due because of appellant's continued possession of the property involved after his appeal from the judgment rendered by such justice of the peace.

No question is presented by the fourth assigned error because, as before indicated, the demurrer to the second or additional paragraph of complaint is not in the record. *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140, 72 N. E. 869, 6 Ann. Cas. 607; *Huber Mfg. Co.* v. *Blessing* (1912), 51 Ind. App. 89, 91, 99 N. E. 132, and cases cited.

It is finally insisted that the court erred in overruling appellant's motion for new trial. The only ground of such motion which can be said to be presented by appellant's brief, under the rules of the court, is the sixth ground thereof, viz., that the court erred in peremptorily instructing the jury to return a verdict for appellee on the second or additional paragraph of complaint. Appellant insists that this was an invasion of the province of the jury and cites a number of cases to the effect that it is rarely, if ever, that a peremptory instruction should be given in favor of the one having the burden of the issue. A consideration of the correctness of such instruction would require an exam-

ination of both the issues and the evidence. The record does not contain a copy of the answer to appellee's second or additional paragraph of complaint, but shows that it can not be found. It is apparent, therefore, that this court could not say from an examination of the pleadings alone that such instruction was erroneous. *Lawrence* v. *Oliver Typewriter Co.* (1912), 51 Ind. App. 434, 436, 99 N. E. 809. It seems equally certain, we think, that the record set out, *supra*, shows that the general bill of exceptions containing the evidence is not properly in the record, and hence that any question depending on the evidence is not properly before us for review.

The act of 1911 (Acts 1911 p. 193, §661 Burns 1914), provides: "That whenever time has been given in which to file a bill of exceptions containing the evidence and the party to which such time was given is unable to tender such bill of exceptions within the time given on account of the failure or inability of the court reporter to prepare and furnish a transcript of the evidence, the court during any subsequent term of such court or the judge thereof in vacation may, upon written application under oath and a showing under oath that such facts exist, grant a reasonable extension of the time already granted within which to file such bill of exceptions: *Provided*, That party asking such reëxtension of time shall give the opposite party or his attorneys of record at least three days' notice of the time when and place where said applications would be heard: *and, Provided, further*, That the application must be made and the time for the hearing thereof set for a day prior to the expiration of the time first given. But no reëxtension of time shall be granted in any case unless it is shown that such failure or inability of the court

reporter was not caused by the negligence of the party asking such reëxtension of time. *If the reëxtension of time is granted during any subsequent term of said court the same must be shown by an order of the court duly entered in the order book of said court and signed by the judge making such order, if such reëxtension is granted by the judge in vacation, the same must be shown by a recital in the bill of exceptions.*" (Our italics.) We find no decision construing the above act with reference to the exact question here involved, but the previous act (Acts 1905 p. 45, §661 Burns 1908) was construed in *Brown* v. *American Steel, etc., Co.* (1909), 43 Ind. App. 560, 564, 88 N. E. 80, and it was there held that the language of that statute contemplated but a single reëxtension, that is to say, but one extension after the extension originally given extending the time beyond the term at which the verdict was returned. There is nothing in the later act indicating any intent on the part of the legislature to word the act so as to authorize a second reëxtension of time. In the absence of a grant of time beyond the term in which to file a general bill of exceptions, such bill would have to be filed during term, and hence the granting of time beyond the term is in fact one extension of time, and for this reason the word "reëxtension" is used in the statute and applies to and is limited to the first extension obtained after the extension beyond the term. See, *Brown* v. *American Steel, etc., Co., supra; Lengelsen* v. *Mc-Gregor* (1904), 162 Ind. 258, 263, 67 N. E. 524, 70 N. E. 248; *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 534, 537, 92 N. E. 49, 94 N. E. 881; Ewbank's Manual §31 D. It follows, therefore, that appellant's general bill of exceptions containing the evidence was not filed in time, and hence can not be considered by this court.

There are other reasons why such bill should not be considered as a part of the record in this case. The only record entry showing the filing of such bill is that above set out which precedes the bill and shows that it was filed on April 10, 1913. This was beyond the time granted even by the second reëxtension. This may be, and doubtless is, an error. Judging from the respective certificates of the official reporter, the clerk of the court and the judge, above indicated, we have no doubt but that the reporter's transcript of the evidence was filed with the clerk on February 13, 1910, and was on that date submitted to the judge for his approval and signature and after being approved and certified to by the judge was again filed as and for the general bill of exceptions April 10, 1913, and that the court entry erroneously purports to show the date of the first filing when it was in fact the date of the filing after the bill had been approved by the trial judge. The fact remains, however, that there is no *record entry* showing the filing of the transcript of the evidence before April 10, 1913, which, as above stated, was beyond the time allowed even by the second reëxtension, and the explanation indicated would, if correct, furnish no explanation for the certificate of the judge, above set out, appearing on the unnumbered page between pages 141 and 142. This certificate bears a later date than any that either precedes or follows it, and shows that at that time, September 29, 1913, the court still retained such bill for his examination and approval. There is no certificate of later date showing the approval of the bill. It is possible, and indeed probable, that this certificate does not express what the trial judge intended that it should. We are led to believe, from the record in its entirety, that the facts are as above indicated,

and that a bill of exceptions containing the evidence was in fact filed within the time granted by the second reëxtension but that after it was so filed, appellant discovered that it was necessary, under the statute, *supra*, to have such bill of exceptions show his extension of time which was granted to him for the filing of such bill in vacation, and after such discovery appellant then sought to correct or amend the bill already filed by inserting a certificate of the court showing said extension of time and with such end in view prepared the certificate above shown bearing the typewritten date, and the trial judge before signing such certificate redated it as of the date it was presented to and signed by him. This, of course, is, in a large measure, mere conjecture and, if correct, would not authorize us to consider the bill of exceptions now on file; because that part of the bill which shows the extension of time for filing such bill obtained in vacation was no part of such bill at the time of its first filing, and hence the bill as perfected and now appearing in the record was not in fact on file in time. Whatever the facts may be, the record, as it comes to us, is not sufficient under the law to authorize us to consider the general bill of exceptions containing the evidence as any part thereof. It therefore necessarily follows that no question arising under the motion for new trial is presented by the record. *Vandalia Coal Co.* v. *Yemm, supra.*

Finding no reversible error in the record, the judgment below is affirmed.

NOTE.—Reported in 109 N. E. 930. See, under (1) 3 C. J. 1356, 1357; 2 Cyc 989; (2) 4 C. J. 936; 31 Cyc 358; (3) 4 C. J. 748; 3 Cyc 291; (4) 4 C. J. 525, 526; 3 Cyc 158; (5) 4 C. J. 538, 542; 3 Cyc 166, 169; (6) 4 C. J. 299; 3 Cyc 46.