## DECKARD *v.* MAY.

[No. 9,810. Filed April 2, 1919.]

1. APPEAL.—*Briefs.*—*Questions Reviewable.*—No question is presented for review on appeal by an assignment of error predicated on the ruling of the court in sustaining appellee's motion to strike out part of a paragraph of the appellant's answer, where the motion or the substance thereof is not set out in the brief. p. 693.

2. APPEAL.—*Briefs.—Questions Reviewable.*—No question is presented for review on appeal by an assignment of error predicated on the sustaining of appellee's motion to strike out appellant's counterclaim, where neither the motion, nor the substance thereof, is set out in the brief. p. 693.

3. APPEAL.—*Briefs.—Waiver of Error.*—An assignment of error is waived by failing to present or discuss it in the briefs. p. 693.

4. EXCEPTIONS, BILLS OF.—*Time for Filing.—Extensions.—How Shown.*—Extensions of time for the filing of bills of exceptions, when in vacation, can only be shown by a recital in the bill. p. 693.

5. APPEAL.—*Record.—Bills of Exceptions.*—A bill of exceptions, not filed within the time allowed by the court, and failing to show an extension of time granted in vacation, is not in the record. p. 694.

6. APPEAL.—*Review.—Evidence.—Bills of Exceptions.—Failure to Make Part of Record.*—Evidence cannot be considered on appeal in the absence of a bill of exceptions containing the evidence. p. 694.

7. APPEAL.—*Review.—Ruling on Motion for New Trial.—Presumptions.*—Where nothing appears to the contrary, it will be presumed on appeal that the motion for new trial was properly overruled. p. 694.

From Monroe Circuit Court; *S. B. Lowe,* Special Judge.

Action by John L. May against Thomas Deckard. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Thomas J. Sare* and *James B. Wilson,* for appellant.

*Edwin Corr,* for appellee.

NICHOLS, J.—This was a suit for damages and for injunction against defendant, appellant, for diverting the water flowing through a natural watercourse from appellee's land to appellant's, the water thus diverted being supplied by a spring on the lands of appellant.

The errors relied upon for reversal that are properly assigned and available if the brief were otherwise sufficient, are: (1) The court erred in sustaining ap-

pellee's motion to strike out part of appellee's third paragraph of answer. (2) The court erred in sustaining appellee's motion to strike out appellant's counterclaim. (3) The court erred in sustaining appellee's demurrer to appellant's fourth paragraph of answer. (4) The court erred in overruling appellant's motion for a new trial.

The third paragraph of answer is not set out in the brief, and if it may be said that the substance of it is set out, the motion to strike out part of this paragraph of answer is not in the brief, nor is the substance of it there. No question is presented by the first assignment. *Bottema* v. *Tracy* (1915), 58 Ind. App. 96, 107 N. E. 741.

1.

Appellant's counterclaim is not set out in the brief, and if it may be said that the substance of it is set out, neither the motion to strike out, nor the substance of the motion, appears in the brief. No question is presented by this assignment. The third assignment is waived by failing to present or discuss it.

2-3.

The correctness of the ruling of the court in overruling the motion for a new trial, complained of in the fourth assignment of errors, depends upon the evidence. The motion for a new trial was overruled May 22, 1916, at which time the appellant was given sixty days within which to file his bill of exceptions containing the evidence. Such bill was not filed until September 25, 1916. We learn from appellee's brief that there was an attempt made to extend the time for filing the bill, but it was made in vacation, and no mention is made of it in the bill of exceptions. This is the only way in which it can be shown that an extension was granted. *Stremmel*

4.

v. *Gaar-Scott & Co.* (1911), 176 Ind. 600, 96 N. E. 703;
*Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind.
5-7.    524, 92 N. E. 49, 94 N. E. 881; *Dietrich* v. *Minas*
(1916), 61 Ind. App. 333, 109 N. E. 930.    Because of the failure to show an extension of time for
filing the bill of exceptions, it is not in the record, and
the evidence cannot be considered.    It must be presumed, nothing appearing to the contrary, that the
motion for a new trial was properly overruled.

No error is presented, and the judgment is affirmed.
Batman, J., does not participate in this opinion.