THE WEST VIRGINIA COAL AND COKE CORPORATION *v.* THE KOKOMO SANITARY POTTERY CORPORATION.

[No. 16,052. Filed June 13, 1939.]

638

*McClure & Shenk* and *Waite, Schindel & Bayless*, for appellant.

*Jessup & Strode* for appellee.

BRIDWELL, J.—Appellant brought this action against appellee to recover the contract price for 19 carloads of coal sold and delivered to appellee for use in its manufacturing plant located at Kokomo, Indiana, where it was engaged in the business of manufacturing pottery.

To the complaint appellee filed answer in three paragraphs, the first in general denial, the second and third affirmative in character, to which affirmative paragraphs the appellant replied by a general denial. The second and third paragraphs were pleaded as counterclaims, and proceeded upon the theory that appellant knew the coal purchased was bought for use in firing appellee's kilns in its manufacturing plant, and impliedly warranted that said coal was reasonably fit for use for said purpose, and when so used would produce good results, and not discolor or injure the ware placed in said kilns; that the coal furnished was not of the quality purchased, and damages resulted from the

breach of said warranty. After the issues were closed the cause was submitted to the court for trial, and, upon proper request therefor, the court made and filed its special finding of facts and stated conclusions of law thereon to each of which appellant excepted. After the evidence was concluded, the court, upon the request of appellee, permittted it to file an amended third paragraph of answer to conform to the evidence, and appellant excepted to the court's action in granting such permission. By its decision, the court awarded appellant the sum of $1,041.87, and judgment in its favor for this amount was rendered. Appellant duly filed its motion for a new trial, assigning as causes therefor that the decision of the court is not sustained by sufficient evidence, and that the decision of the court is contrary to law. This motion was overruled, and appellant excepted, thereafter perfecting this appeal, assigning as error:

"(1) The trial court erred in granting the request of the appellee to file an amended Third Paragraph of Answer to comply with the evidence.

"(2) The trial court erred in each of the first and second conclusions of law.

"(3) The trial court erred in overruling appellant's motion for a new trial."

The special finding of facts and conclusions of law, omitting the formal parts thereof, are as follows:

"SPECIAL FINDING OF FACTS AND CONCLUSIONS OF LAW

"1. That the plaintiff is a corporation duly organized and existing under the laws of the State of West Virginia and is engaged in the mining and sale of coal. That the defendant is a corporation organized and existing under the laws of the State of Indiana, and is engaged in the manufacture of pottery.

"2. That on or about the 17th day of September, 1935, the plaintiff and the defendant entered into a written contract by which the defendant purchased from the plaintiff twenty cars of Omega 2-inch

lump coal, $3.22 per ton, Cincinnati, Ohio, which contract is identified by Plaintiff's Exhibits 1 and 2, which exhibits are made a part of this finding as fully as if copied herein at full length.

"3. That the plaintiff did ship to the defendant nineteen (19) cars of coal and that the defendant accepted and used said nineteen (19) cars of coal in its business which is the pottery business located at Kokomo, Indiana.

"4. That the coal contracted for by virtue of Finding No. 2 was sold to the defendant for the specific purpose of firing pottery kilns and was so sold to the defendant as fit for the purpose of firing kilns in which pottery was manufactured and that both plaintiff and defendant knew that the coal was sold for the specific purpose mentioned.

"5. That the nineteen cars of coal actually delivered by the plaintiff and used by the defendant was inferior in quality to the coal contracted for as shown in Finding No. 2. That if the nineteen car loads of coal delivered to the plaintiff had been as contracted for, it would be worth to the defendant the sum of $2,149.46, but the kind of coal that was actually delivered was worth $1,291.87.

"6. That the coal delivered to the defendant by the plaintiff and used by the defendant helped to produce an inferior ware to the loss of the defendant by way of profits in the sum of $250.00.

### "Conclusions of Law.

"1. That there is due the plaintiff the sum of $2,149.46 and that there is due the defendant from the plaintiff the sum of $1,107.59, and that this amount of $1,107.59 should be set off against what is due the plaintiff.

"2. The plaintiff should have judgment without relief from valuation and appraisement laws for the sum of $1,041.87."

The question of error in permitting appellee to file an amended third paragraph of answer after the close of the evidence to conform to the proof is presented.

■ It does not appear that appellant was in any way harmed by this action. The trial court has a wide discretion in such matters, and unless it appears that the party complaining was prejudiced, misled, or

deprived of some right by the action of the trial court, the permission to file, and the filing of an amended pleading will not, on appeal, be held to constitute reversible error. See *Hillyard* v. *Robbins* (1913), 53 Ind. App. 107, 101 N. E. 341; *Laramore* v. *Blumenthal* (1914), 58 Ind. App. 597, 108 N. E. 602; *Dietrich* v. *Minas* (1916), 61 Ind. App. 333, 109 N. E. 930.

Appellants second assignment of error is waived by a failure to present same under the heading "Propositions and Authorities" of its brief.

In relation to the claimed error in overruling the motion for a new trial, it is contended by appellant that even "if the facts in this case are sufficient to support an implied warranty as found by the court, and the coal actually delivered by the plaintiff and used by the defendant was inferior in quality to the coal contracted for, there is no evidence in the record to prove the value of the coal contracted for and warranted, or the value of the actual coal delivered," and no evidence to support the finding that there was a loss by way of profits in the sum of $250.00.

In cases where recovery is sought by way of counterclaim because of breach of warranty in the article sold, it is necessary that the evidence prove the value of the article delivered, as well as its value had it been as warranted. The warranty pleaded and relied upon by appellee was one as to the quality of the coal purchased for a particular use. In the case of *Hege* v. *Newsome* (1884), 96 Ind. 426, 431, our Supreme Court, in discussing this question, said: "It is well settled that the measure of damages for a breach of warranty as to the quality of a chattel sold is the difference between the actual value of the article at the time of sale and the value it would have had if it had been as warranted, and that the buyer need not return

or offer to return the article in order to sustain an action for the breach of warranty, or to set it up as a defense or as a counter-claim in an action for the recovery of the price." There was, however, at the time of the sale here involved a statute of this State in effect, which relates to a breach of warranty by the seller (Section 58-507, Subsection 7, Burns 1933; Section 14846, Subsection 7, Baldwin's 1934), and which provides that: "In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of the delivery to the buyer and the value they would have had if they had answered to the warranty." Under this statute, the same kind of proof as to value is still required as was prior to its enactment.

With the above requirements of the law as to the nature of proof required in cases of this character in mind, we have carefully read the evidence. It shows without dispute that appellant sold and delivered to appellee 19 carloads of coal, totaling approximately 1,033 tons, the contract price for which was $2,149.46; that this coal was received by appellee at its plant at Kokomo, and all, except about 100 tons thereof, was used in firing kilns in the process of manufacturing pottery, and that the 100 tons was used in firing boilers in the manufacturing plant. Considering only the evidence favorable to appellee, we find evidence to sustain the finding of facts as stated in findings numbered 1, 2, 3 and 4 of said special finding of facts. As to that part of the finding numbered 5, which states that the coal actually delivered was worth $1,291.87, we fail to find any evidence to sustain it. True, there is evidence as to the value of Indiana coal for a "general purpose coal," but such evidence does not

furnish a proper basis from which the value of the coal involved can be determined.

In its finding numbered 6, the court finds that the defendant (appellee ) sustained a loss "by way of profits in the sum of $250.00." There is an entire lack of evidence to sustain such finding, and this part of the decision, under this record, must of necessity rest upon mere speculation or conjecture. Nowhere in the transcript of the evidence does there appear any evidence concerning profits, nor are any facts proven from which any reasonable inferences as to profits could be drawn.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.